NUMBER 13-02-722-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
YOHANCE BREE,                                                                       Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                       

On appeal from the 130th District Court of Matagorda County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza
Opinion by Justice Garza
 
          Appellant, Yohance Bree, appeals from his conviction for possession of cocaine. 
Following a jury trial, appellant was sentenced to three years imprisonment. On appeal,
appellant argues that the evidence against him was legally insufficient to prove his guilt
beyond a reasonable doubt. We affirm.
          According to evidence introduced at trial, appellant was sitting in the front passenger
seat of an automobile. A police officer who had been notified by an undercover agent to
keep an eye out for that particular car pulled the vehicle over on a routine traffic stop. After
noticing the three occupants were displaying odd, overly nervous behavior, the officer
received consent to perform a canine drug sweep around the exterior of the car. When the
dog alerted twice to the presence of drugs in the vehicle, the police officer had the three
occupants step out onto the street and began searching the contents of the car. He found
a cocaine “cookie” in a fast-food bag on the front passenger seat of the car. All three
occupants of the vehicle were arrested and charged with possession of a controlled
substance with intent to deliver.   The officer testified at trial that before appellant exited
the car, he had been holding the fast-food bag tightly in his lap. The police officer filed an
arrest report immediately following the arrest; this report only described the driver of the
vehicle as unduly nervous, did not describe the behavior of the two passengers, and did
not mention in whose possession the fast-food bag had been prior to the occupants exiting
the vehicle. 
          Appellant did not present any witnesses or testify on his own behalf during the
guilt/innocence stage of the trial. Through cross-examination, counsel for appellant did
focus on the variance between the police officer’s report and the more detailed testimony
he offered at trial. The two other occupants of the vehicle who had also been arrested for
possession were subpoenaed for the trial but could not be located. 
          Appellant now argues by a single issue that the evidence adduced at trial was not
sufficient to establish possession. Because appellant prays for a reversal of the judgment
and an acquittal, which is the remedy for legal insufficiency only, we will not review the
record for factual insufficiency. See Cardenas v. State, 30 S.W.3d 384, 386 n.2 (Tex.
Crim. App. 2000); Chavero v. State, 36 S.W.3d 688, 693 (Tex. App. – Corpus Christi 2001,
no pet.). 
          In assessing the legal sufficiency of the evidence to support a verdict, this Court
must consider all of the record evidence in a light most favorable to the jury verdict and
determine whether, based on that evidence and reasonable inferences therefrom, a
rational jury could have found the accused guilty of all of the elements of the offense
beyond a reasonable doubt. See Sanders v. State, 119 S.W.3d 818, 820 (Tex. Crim. App.
2003). Sufficiency of the evidence is measured against the elements of the offense as
defined by the hypothetically correct jury charge for the case. Malik v. State, 953 S.W.2d
234, 240 (Tex. Crim. App. 1997); see also Fuller v. State, 73 S.W.3d 250, 252 (Tex. Crim.
App. 2002). Such a charge would accurately set out the law, would be authorized by the
indictment, and would not unnecessarily increase the State’s burden of proof. Malik, 953
S.W.2d at 240. This review is very deferential to the jury’s role as the sole judge of the
credibility of the witnesses and the weight to be given their testimony, Smith v. State, 523
S.W.2d 1, 5 (Tex. App.–Corpus Christi 1975, pet. ref’d n.r.e.), and recognizes that the jury
is free to accept or reject all or any part of the testimony of any witness. Sharp v. State,
707 S.W.2d 611, 614 (Tex. Crim. App. 1986). 
          Possession is defined in the penal code as “actual care, custody, control or
management.” Tex. Pen. Code Ann. § 1.07(a)(39) (Vernon Supp. 2004). To prove unlawful
possession of a controlled substance, the state must prove (1) the defendant exercised
actual care, control or management over the contraband, and (2) the defendant knew the
substance in his possession was contraband. King v. State, 895 S.W.2d 701, 703 (Tex.
Crim. App. 1995). In situations where more than one person is within the vicinity of
contraband, a party’s mere presence at the place searched does not itself justify a finding
of joint possession of the contraband. See Martin v. State, 753 S.W.2d 384, 387 (Tex.
Crim. App. 1988). Instead, if the accused is not in exclusive possession and control of the
place where contraband is found, there must be additional independent facts and
circumstances that affirmatively link that person to the contraband. Lassaint v. State, 79
S.W.3d 736, 740 (Tex. App.–Corpus Christi 2002, no pet.); see Brown v. State, 911
S.W.2d 744, 748 (Tex. Crim. App. 1995). Affirmative links used by courts in the past to
establish possession have included: (1) whether the contraband was in plain view or
recovered from an enclosed place; (2) whether the accused was the owner of the premises
or place where the contraband was found, or had the right to possess that place; (3)
whether the contraband was conveniently accessible to the accused or found on the same
side of the vehicle as the accused was sitting; (4) whether the contraband was found in
close proximity to the accused; (5) whether conduct by the accused indicated
consciousness of guilt; (6) the quantity of the contraband; and (7) if the accused was
observed in a suspicious area under suspicious circumstances. See, e.g., Lassaint, 79
S.W.3d at 740-41; Jenkins v. State, 76 S.W.3d 709, 712-13 (Tex. App.–Corpus Christi
2002, pet. ref’d); Gant v. State, 116 S.W.3d 124, 131 (Tex. App.–Tyler 2003, pet. ref’d). 
The number of factors present is not as important as the logical force the factors have in
affirmatively linking the accused to the contraband. See Lassaint, 79 S.W.3d at 741;
Hurtado v. State, 881 S.W.2d 738, 743 (Tex. App.–Houston [1st Dist.] 1994, pet. ref’d). 
          We begin our analysis by noting that there was no evidence tending to dispute the
police officer’s statement that appellant was in possession of the bag in which the drugs
were found. Counsel for appellant noted that the officer’s report made immediately
following the incident only described the bag as “located on the front passenger side seat”
and did not note which occupant initially had possession before they were all told to exit
the vehicle. The officer, however, characterized his post-arrest statement as a “short
summary” of the events designed to refresh his memory about the incident, and he insisted
the additional details regarding the arrest were consistent with his memory. The jury was
free to consider this testimony credible, especially as no controverting evidence was
offered. See Sharp, 707 S.W.2d at 614. 
          Also, we note that additional affirmative links were established to prove appellant
was in possession, as the contraband was found on the same side of the vehicle as he had
originally been sitting, was of a significant quantity, and was found in a car that had already
been targeted as suspicious by undercover officers in the area. These factors, supported
by the officer’s testimony, serve to affirmatively link appellant to the cocaine and thereby
establish his possession. 
          Appellant argues that the driver of the vehicle, who owned the car and was
described as “fidgety and very nervous” in the police report, could also have possessed the
contraband. Given the circumstances under which the discovery of the contraband
occurred, this is a plausible hypothesis. However, the affirmative factors linking appellant
to the drugs do not necessarily have to be so overwhelming as to negate every other
possible explanation. Brown, 911 S.W.2d at 748. Also, this explanation is not supported
by the police officer’s testimony. A rational jury could consider the possibility of the driver’s
involvement and still find appellant guilty of possession beyond a reasonable doubt. See
Sanders, 119 S.W.3d at 820.
          Accordingly, appellant’s single issue is overruled, and we affirm the judgment of the
trial court.                        
 
                                                                                                                       
       
                                                                        DORI CONTRERAS GARZA,
                                                                                      Justice

Do not publish. 
Tex. R. App. P. 47.2(b).
Opinion delivered and filed 
this the 29th day of April, 2004.