NUMBER 13-03-521-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
BRANDON BREE,                                                                       Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                                      

On appeal from the 24th District Court of Jackson County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Garza
 
          Appellant, Brandon Bree, was convicted of possessing cocaine with intent to deliver
and was sentenced to imprisonment for thirty years. By a single issue, appellant
challenges his conviction based on the legal sufficiency of the evidence. We affirm
appellant’s conviction because he has not demonstrated that the evidence is legally
insufficient.
          Evidentiary sufficiency is measured against the elements of the offense as defined
by the hypothetically correct jury charge for the case. Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997). Such a charge would accurately set out the law, would be
authorized by the indictment, and would not unnecessarily increase the State’s burden of
proof. Id. 
          The standard for reviewing a legal sufficiency challenge is whether any rational trier
of fact could have found the essential elements of the offense beyond a reasonable doubt. 
Sanders v. State, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003). In evaluating a legal
sufficiency challenge, the evidence is examined in the light most favorable to the verdict. 
Id. 
          Appellant claims that the evidence is legally insufficient to support his conviction
because he did not exercise actual care, control, and management over the cocaine.


 In
support of this contention, appellant’s brief lists thirteen evidentiary factors tending to show
that he did not have possession of the cocaine. The record purportedly substantiates
these factors. In making his argument, however, appellant has neglected to explain how
the State’s evidence—when examined in the light most favorable to verdict—fails to show
that he exercised actual care, control, and management over the cocaine. Appellant’s brief
only lists the evidence tending to show that he did not have possession; it does not explain
how the State’s evidence is legally insufficient. 
          After reviewing the record, we conclude that the evidence is sufficient. Evidence
that affirmatively links a defendant to contraband suffices for proof that the defendant
possessed it knowingly and exercised care, control, and management over it. See Brown
v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995); see also Jenkins v. State, 76
S.W.3d 709, 712 (Tex. App.—Corpus Christi 2002, pet. ref’d) (“The evidence must
affirmatively link the accused to the contraband in such a manner and to such an extent
that a reasonable inference may arise that the accused knew of the contraband’s existence
and that he exercised control over it.”). In the light most favorable to the verdict, the record
shows the following affirmative links between appellant and the cocaine: the police found
marihuana and cocaine in an automobile occupied by two individuals, one of which was
appellant; the vehicle’s other occupant told the police that there was marihuana in the
vehicle; the amount of drugs found by the officers was substantial; marihuana and cocaine
were found in different places in the vehicle; the cocaine was not hidden—it was in two
clear plastic bags that were visible in two different places in the vehicle; appellant was in
close proximity to the bags of cocaine and had access to them; the inside of the
automobile smelled like burned marihuana; and before the police discovered the cocaine,
appellant made gestures indicating that he was attempting to hide something in the same
area where the bags of cocaine were later discovered. Based on these facts, a rational
trier of fact could have found beyond a reasonable doubt that appellant possessed the
cocaine.
          Although appellant has identified other facts in the record that support the opposite
conclusion, a legal sufficiency challenge such as this does not call for the reviewing court
to balance the evidence for and against guilt. Such a review would be proper in a
challenge to the factual sufficiency of the evidence. Cf. Johnson v. State, 23 S.W.3d 1, 7
(Tex. Crim. App. 2000) (“[In a factual sufficiency issue,] the court reviews the evidence
weighed by the jury that tends to prove the existence of the elemental fact in dispute and
compares it with the evidence that tends to disprove that fact.”). In a legal sufficiency
review, the court is to examine the record in the light most favorable to the verdict and
determine whether any rational trier of fact could have found the essential elements of the
offense—as defined by the hypothetically correct jury charge for the case—beyond a
reasonable doubt. We have already identified evidence that would support such a finding. 
Appellant’s issue is therefore overruled.
          The judgment of the trial court is affirmed. 
 
 
 
                                                                                      _______________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
Do not publish.
Tex.R.App.P. 47.2(b)
Memorandum Opinion delivered 
and filed this the 12th day of August, 2004.