**Michael SANDERS, Appellant,**

v.

**The STATE of Texas.**

**No. 1742–02.**

Court of Criminal Appeals of Texas.

Nov. 5, 2003.

Gene W. Caldwell, Whitehouse, for Appellant.

Edward J. Marty, Assistant District Attorney, Tyler, Matthew Paul, State's Attorney, Austin, for State.

## OPINION

HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., KEASLER, HOLCOMB and COCHRAN, JJ., joined.

In this case we decide that the Court of Appeals misapplied the *Jackson v. Virginia* legal sufficiency standard of review in holding that the evidence was legally insufficient to support a jury's verdict convicting appellant of burglary. *See generally Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

The evidence showed that on the morning of July 17, 2000, the complainant discovered that one of his furnished but vacant rent houses had been burglarized. Earlier that morning, a neighbor saw a heavy black man and a slim black man taking items out of the house and loading them into a tan or gray pickup truck with a dent on the side. The neighbor did not get close enough to identify any of these individuals with greater detail.

Later that afternoon, the complainant was sitting in his truck near the burglarized house when he saw a heavy black man and a slim black man drive up to the house in a tan or gray pickup truck with a dent on the side. One of these individuals was appellant, whom the evidence shows could be described as heavy. When the complainant asked the men what they were doing, they said that they had been hired by someone named Willie Harris, who lived at a particular address on Confederate Street, to move furniture from the house. But, appellant and the other man then left without going into the house or taking any furniture.

The record reflects that, during the police investigation, appellant became a suspect the day after the burglary. The police investigation further revealed that a vacant house was located at the address on Confederate Street and no one by the name of Willie Harris had ever lived there. The police attempted to, but could not locate anyone by the name of Willie Harris in the area of the house on Confederate Street. The owner of the pickup truck provided the police with information that further confirmed appellant as a suspect in the burglary. The police were unable to locate appellant until January 2001 at which time he was arrested for the burglary.

Appellant apparently left town for about three months after he became a suspect

during the burglary investigation. Appellant claimed in a statement to the police that he was out of town between "the first part of August to the first part of October" and, therefore, could not have had anything to do with the burglary since (according to appellant) the burglary occurred during this time.

Appellant claimed in two points of error on direct appeal that there was "insufficient evidence" to support his conviction. The Court of Appeals found the evidence legally insufficient to support appellant's conviction under *Jackson v. Virginia* because it did not support a finding beyond a reasonable doubt that appellant was the heavy man whom the neighbor saw burglarizing the house. *Sanders v. State*, slip op. at 3–4 (Tex.App. No. 12–01–00255–CR, 2002 WL 1933224, delivered August 21, 2002) (nonpublished). The Court of Appeals, therefore, reversed appellant's conviction and rendered a judgment of acquittal. *See id.*

This Court exercised its discretionary authority to review this decision. The sole ground in the State's discretionary review petition states:

> The Court of Appeals erred by applying a factual sufficiency review to a review of the legal sufficiency of the evidence, despite claiming to apply the correct standard of review.

The State argues on discretionary review that appellant raised only a *Jackson v. Virginia* legal sufficiency claim on direct appeal and that the Court of Appeals misapplied the legal sufficiency standard of review by actually applying a factual sufficiency standard of review. *See generally Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Cr. App.2000) (explaining difference between legal and factual sufficiency standards of review); *Clewis v. State*, 922 S.W.2d 126, 133–34 (Tex.Cr.App.1996) (same). Appellant claims that he raised a factual suffi-

ciency claim on direct appeal and that the Court of Appeals properly applied a factual sufficiency standard of review in reversing his conviction.

We conclude, however, that the Court of Appeals applied only a legal sufficiency standard of review. Its opinion cited only *Jackson v. Virginia* and it directed the remedy of an acquittal which is provided when an appellate court determines that the evidence is legally insufficient to support a conviction. *See Sanders*, slip op. at 3–4; *see also Tibbs v. Florida*, 457 U.S. 31, 102 S.Ct. 2211, 2221, 72 L.Ed.2d 652 (1982); *Clewis*, 922 S.W.2d at 133–34.

■ We, therefore, find it necessary to address only whether the Court of Appeals misapplied the *Jackson v. Virginia* legal sufficiency standard of review and not whether it actually and properly applied a factual sufficiency standard of review. The relevant appellate inquiry for assessing legal sufficiency is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson*, 99 S.Ct. at 2789. This standard is meant to give "full play to the [jury's] responsibility fairly" to "draw reasonable inferences from basic facts to ultimate facts." *See id.*

■ In this case, the ultimate fact in question was appellant's identity as the heavy man whom the neighbor saw burglarizing the house. A rational jury could have inferred the ultimate fact that appellant was this man from the evidence that the complainant identified appellant (whom other evidence showed is heavy) as being at the burglarized house on the afternoon of the burglary in a specifically described pickup truck and that appellant generally fit the description of one of the men whom the neighbor saw earlier that morning in a

similarly described pickup truck burglarizing the house.

Further evidence from which a jury could have inferred this ultimate fact is that appellant left the house without moving any furniture after telling the complainant that he was there to move furniture. Other evidence from which a jury could have inferred this ultimate fact is that appellant's claim that a man named Willie Harris at a particular address on Confederate Street hired him to move furniture from the house was false. And, the evidence that appellant left town after he became a suspect in the burglary investigation is more evidence from which a rational jury could have inferred this ultimate fact. On this record, we cannot say that a jury would have unfairly or irrationally inferred appellant's identity as one of the burglars from these basic facts. The Court of Appeals misapplied the *Jackson v. Virginia* legal sufficiency standard of review by not giving full play to the jury's responsibility to do this.

The judgment of the Court of Appeals is reversed and the case is remanded there for further proceedings consistent with this opinion.

MEYERS, J., filed a dissenting opinion in which PRICE, J., joined.

WOMACK, J., and JOHNSON, J., dissented.

MEYERS, J., dissenting in which PRICE, J., joined.

I disagree with the majority's conclusion that the Court of Appeals misapplied the legal sufficiency standard. The court viewed the evidence in the light most favorable to the jury verdict and determined that no rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789,

61 L.Ed.2d 560 (1979) ("The task of an appellate court is to consider all of the evidence and reasonable inferences therefrom in the light most favorable to the jury's verdict and to determine whether, based on that evidence and those inferences, a rational jury could have found beyond a reasonable doubt the elements of the offense.") Because the court used the correct standard, we should not re-do the sufficiency review or reverse the judgment simply because the Court of Appeals reached a conclusion different from the majority's. *See Arcila v. State*, 834 S.W.2d 357, 361 (Tex.Crim.App.1992) ("Even if our own decision might have been different on the question presented, we cannot accept the proposition that an appellate court's judgment ought to be subject to reversal on such basis, at least when the evidence is sufficient to support it. Doing so only tends to undermine the respective roles of this and the intermediate courts without significant contribution to the criminal jurisprudence of the State. This Court should reserve its discretionary review prerogative, for the most part, to dispel any confusion generated in the past by our own case law, to reconcile settled differences between the various courts of appeals, and to promote the fair administration of justice by trial and appellate courts throughout Texas.") *overruled by Guzman v. State*, 955 S.W.2d 85 (Tex. Crim.App.1997). Thus, the question for this Court on discretionary review is not whether the conclusion of the Court of Appeals was correct, but whether it used the correct legal standards to arrive at that conclusion.

The State argues that the Court of Appeals used the incorrect standard for a legal sufficiency review because it refers to the weight of the evidence. However, the court's only reference to the weight of the evidence is to say that it will NOT re-

weigh the evidence. Instead, the reviewing court defers to the jury's verdict and considers only whether the jury's conclusion was rationally based on finding the elements of the offense beyond a reasonable doubt. The legal sufficiency standard requires the reviewing court to look only at the evidence supporting the verdict and to presume that any conflicts in the evidence were resolved in favor of the prosecution. *See Jackson v. Virginia,* 443 U.S. at 326, 99 S.Ct. 2781 ("When the court is faced with a record of historical facts that supports conflicting inferences, it must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution.").

However, this is not a case where there is conflicting testimony about the elements of the offense. Rather, there is no direct evidence to connect the appellant to the offense, only circumstantial evidence. The Court of Appeals held that the circumstantial evidence was not sufficient to prove the elements of the offense beyond a reasonable doubt. In other words, the jury could not have reasonably inferred from the evidence that appellant committed the offense. The Court of Appeals did not weigh conflicting testimony and overturn the jury verdict by deciding in favor of the appellant—it simply decided that there was insufficient evidence to prove the elements of the offense. There was no evidence that appellant ever entered the habitation. The witness who saw two men removing objects from the residence did not identify appellant as one of the two men that he had seen. While appellant was identified by the victim as being at the residence later that day, there was no entry and no theft that occurred at that time. The circumstantial evidence that appellant was at the residence later on the day of the burglary is simply not sufficient to prove beyond a reasonable doubt that he committed the burglary that morning.

The Court of Appeals used the correct standard for legal sufficiency and it was within their authority to find that the evidence supporting the jury's verdict was insufficient to prove the elements of the offense beyond a reasonable doubt. Because the majority fails to restrict its opinion to the question for review that was granted (whether the Court of Appeals used the correct standard) I respectfully dissent.