In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-216 CR


____________________



TERI GLENN SMITH, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 258th District Court


Polk County, Texas


Trial Court Cause No. 16,968






MEMORANDUM OPINION



 Appellant, Teri Glenn Smith, was convicted by a jury of having committed the state
jail felony offense of Evading Arrest. See Tex. Pen. Code Ann. § 38.04(a), (b)(1)
(Vernon 2003). Punishment was assessed by the jury at confinement in a state jail facility
for a term of two years, and a fine of $10,000. Tex. Pen. Code Ann. § 12.35(a), (b)
(Vernon 2003). 

 The first two issues challenge the legal and factual sufficiency of the evidence to
support the verdict. In his brief, appellant concedes the evidence is sufficient to show he
intentionally fled from a police officer, but he says the evidence is insufficient to show he
used a vehicle in his flight from the officer. 

 Officer Scott Paske of the Livingston Police Department testified that on the evening
of September 24, 2002, he was parked in his marked patrol vehicle at an intersection in
the City of Livingston. Paske explained he was on duty and watching traffic. As he sat
in the marked patrol unit with the windows rolled down, Officer Paske began to hear loud
music and bass sound coming from a vehicle located approximately 100 - 200 yards away. 
Officer Paske watched the vehicle as it approached his location. Officer Paske testified
that the City of Livingston has an ordinance prohibiting amplified music and excessive
noise in a residential neighborhood. Paske was parked in his patrol unit in a residential
neighborhood at the time of the incident. Officer Paske also was aware of the Class C
offense of Disorderly Conduct involving excessive noise. See Tex. Pen. Code Ann. §
42.01(a)(5), (c)(1)(2), (d) (Vernon Supp. 2004). 

 As the vehicle in question neared Officer Paske's location, he observed the vehicle
fail to come to a complete stop at the posted stop sign. At that point, Paske activated his
emergency lights on his patrol unit as he planned to pull the vehicle over for the various
violations he had observed. As he did this, Paske also noted the suspect vehicle had its
window down and Paske yelled to the vehicle's driver to stop. As Paske activated his
emergency lights in an attempt to stop the vehicle, the vehicle "punched it," which Paske
explained means the driver accelerated the vehicle. Officer Paske identified appellant as
the driver of the vehicle; Paske had dealt with appellant on a prior occasion and appellant's
photograph was posted at the police station. According to Officer Paske, appellant
accelerated his vehicle with Officer Paske in pursuit. Appellant drove his vehicle into the
driveway of a private residence, later learned to be that of appellant's sister. As Officer
Paske "slid" his patrol unit in behind appellant's vehicle, appellant left the driver's door
open and the engine running, abandoned the vehicle, and ran to the rear of the residence. 
Paske observed appellant throw two cans of beer to the ground as appellant got out of his
vehicle. Paske indicated that in his six-year career as a peace officer he had taken part in
"hot pursuits" before, and that there was no doubt that appellant was attempting to flee. 
Appellant was not arrested that night as he apparently entered the house and the occupants
refused the police permission to enter. 

 The relevant appellate inquiry in assessing the legal sufficiency of the evidence is
whether, after viewing the evidence in the light most favorable to the verdict, any rational
trier of fact could have found the essential elements of the crime beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979);
Sanders v. State, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003). The Court of Criminal
Appeals has recently stated the appellate standard for reviewing evidence for factual
sufficiency. See Zuniga v. State, No. 539-02, 2004 WL 840786, at *7 (Tex. Crim. App.
April 21, 2004)(not yet released for publication). Under the Zuniga approach, we continue
to review all of the record evidence in a neutral light, and we set the verdict aside only if
the evidence supporting the verdict is too weak to support the finding of guilt beyond a
reasonable doubt, or the contrary evidence is so strong that the standard of proof beyond
a reasonable doubt could not have been met. Id. 

 In support of issues one and two, appellant makes the following assertion: 

 Even if all of the State's evidence is believed, it was impossible for
Appellant to have used a motor vehicle to flee from the police. The street
that Appellant was traveling down dead ended on the one block Appellant
was entering. Appellant pulled into the driveway of his sister's house within
150 yards of the officer activating his lights. The driveway was the first and
safest place for Appellant to pull his motor vehicle over once the officer had
activated his lights and pulled in behind Appellant. [footnote omitted]


 Considering all the evidence in a neutral light, we find the evidence in support of
the verdict is sufficiently strong to support the verdict of guilt beyond a reasonable doubt;
what contrary evidence exists is not strong enough that the beyond a reasonable doubt
standard cannot be met. Appellant's argument conflicts with the testimony of Officer
Paske that appellant was fleeing from him as Paske attempted to stop appellant for the
various violations. The argument that appellant was in the process of complying with
Officer Paske's attempt to stop him by pulling into his sister's driveway as it was "the first
and safest place for Appellant to pull his motor vehicle over," is unsupported by any
evidence in the record. From the uncontroverted testimony of Officer Paske, any rational
trier of fact could have found beyond a reasonable doubt appellant was using a motor
vehicle to flee from Officer Paske's attempt to lawfully arrest or detain him. Issues one
and two are overruled. 

 Appellant's third issue reads, "The jury charge was in error that it did not submit
to the jury the special question of whether a motor vehicle was used in the commission of 
evading arrest as required by Apprendi v. New Jersey." The record before us indicates,
and appellant concedes, that there was no objection, based upon the particular argument
raised in issue three, to the trial court's charge. Nevertheless, appellant seeks to overcome
the procedural default at trial by couching this issue in terms of "error of constitutional
dimensions." Relying on the case of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct.
2348, 147 L.Ed.2d 435 (2000), appellant posits that the trial court was required to submit
two "separate issues" to the jury: one issue as to whether the Class B misdemeanor
offense of evading arrest occurred, and the second issue as to whether appellant used a
motor vehicle while fleeing from Officer Paske, with an affirmative finding to this issue
raising appellant's punishment status to that of a state jail felony. 

 Tex. Code Crim. Proc. Ann. art. 37.07, § 1(a) (Vernon Supp. 2004) states: "The
verdict in every criminal action must be general." See Harris v. State, 790 S.W.2d 568,
579 (Tex. Crim. App. 1989); Stewart v. State, 686 S.W.2d 118, 124 (Tex. Crim. App.
1984). The allegation that appellant used a vehicle while in flight was treated in this case
as an element of the offense of evading arrest as it was properly pleaded in the indictment
and also included in the general instructions and application paragraph of the trial court's
instructions to the jury. The trial court's written instructions also included the following
statements: 

 All persons are presumed to be innocent and no person may be
convicted of an offense unless each element of the offense is proved beyond
a reasonable doubt . . . . 


 The prosecution has the burden of proving the Defendant guilty and
it must do so by proving each and every element of the offense charged
beyond a reasonable doubt and if it fails to do so, you must acquit the
Defendant and say by your verdict "Not Guilty."


 The jury was instructed to decide, beyond a reasonable doubt, whether appellant
committed the offense of evading arrest and whether he used a motor vehicle while fleeing. 
We find no error in the trial court's instructions to the jury, and no error in the submission
of a general verdict form as required under Texas law. If the Apprendi case applies to the
argument presented in issue three, the procedures followed and the trial court's instructions
fully comply. Issue three is overruled. 

 As appellant's contention under issue four, complaining of being sentenced to an
illegal sentence, was predicated upon our sustaining his argument under issue three, issue
four is overruled as well.

 In his final issue, appellant contends he was denied effective assistance of trial
counsel. The argument under this issue is somewhat confusing as appellant contends the
record is clear that appellant desired to enter a negotiated plea of guilty but that trial
counsel "thought Appellant was eligible for probation and Appellant wanted to go to trial
to attempt to get probation." Appellant argues that trial counsel "did nothing to attempt
to secure Appellant community supervision." Appellant contends that his trial counsel's
actions "foreclosed and dashed all hopes for Appellant to receive probation." The record
is not so clear.

 Adding to the confusion is the following inaccurate assessment by appellate counsel:

 While appellant was ineligible to receive Community Supervision
from a jury due to his past felony conviction, Tex. Code Crim. Proc. Art.
42.12 § 4(c); Tex. Code Crim. Proc. Art. 42.12 § 4(e), Appellant was
eligible for community supervision from the judge at punishment. Tex.
Code Crim. Proc. Art. 42.12 § 3. However, Appellant's trial counsel
elected to go to the jury for punishment. This is essence [sic] forever
foreclosed Appellants [sic] ability to receive community supervision.

 Appellant also failed to file a sworn application for community
supervision as required for Appellant to receive community supervision. So
even if Appellant's counsel had realized his mistake in electing Appellant
have [sic] punishment assessed by the jury, and received permission from the
Court to withdraw Appellant's jury election, Appellant still would not have
been eligible for community supervision. [footnote omitted]


 First, we must address the applicable law. The offense for which appellant was
convicted was a state jail felony punishable under section 12.35 of the Texas Penal Code. 
Both article 42.12, sec. 3 ("Judge Ordered Community Supervision"), and article 42.12,
sec. 4 ("Jury Recommended Community Supervision"), exclude from community
supervision, under those sections, individuals sentenced to a term of imprisonment "under
Section 12.35, Penal Code." See Tex. Code Crim. Proc. Ann. art. 42.12, §§ 3(e)(2), 
4(d)(2) (Vernon Supp. 2004). However, under the specific applicable provisions of Tex.
Code Crim. Proc. Ann. art. 42.12, § 15(a) (Vernon Supp. 2004), titled "Procedures
Relating to State Jail Felony Community Supervision," on conviction of a state jail felony
punished under section 12.35(a) of the Texas Penal Code, "the judge may suspend the
imposition of the sentence and place the defendant on community supervision or may order
the sentence to be executed." Under section 15, the judge may also suspend in whole or
in part the imposition of any fine imposed on conviction. Nothing in section 15 prohibits
an individual accused of a state jail felony punishable under section 12.35(a) of the Penal
Code from electing to have a jury assess punishment and also have any jury-assessed
incarceration (and fine) suspended, and community supervision ordered by the trial court. 
See also 43A George E. Dix & Robert O. Dawson, Texas Practice: Criminal
Practice and Procedure § 39.82 (2001) ("The defendant may elect jury punishment,
in which event the jury assesses punishment between the statutory range of 180 days to 2
years. Then it is up to the judge to decide whether to probate that sentence or impose
it.")(footnote omitted). Trial counsel argued, correctly, to the trial court, "I think he
should be eligible for probation, Your Honor." Because the provisions of article 42.12,
sec. 15(a) applied to appellant, there was no need for trial counsel to file a sworn
application for community supervision as appellant was already qualified statutorily. 

 Nor can we agree with appellate counsel's interpretation of the facts contained in
the record. As noted above, he argues the record is clear the reason a negotiated plea of
guilty did not take place was only because "Appellant's trial counsel thought Appellant was
eligible for probation and Appellant wanted to go to trial to attempt to get probation." 
This suggests the record contains a detailed discussion as to the plea bargain process and
suggests there was a statement from trial counsel that the State refused to offer community
supervision as a punishment option under any circumstance. An examination of the record
of the brief bench conference to which appellate counsel directs our attention, however,
indicates the State thought appellant was not eligible for a community supervision
recommendation from the jury because of certain felony convictions, and the State was
apparently unwilling to recommend deferred adjudication community supervision to the
trial court in exchange for a guilty plea. See generally Tex. Code Crim. Proc. Ann. art.
42.12, § 5(a) (Vernon Supp. 2004). The trial court appeared to agree with the State that
appellant's prior convictions were an impediment to appellant's being eligible for
community supervision. While trial counsel did express his opinion that appellant was
eligible for probation, trial counsel did not make any mention of why any plea bargaining
was unsuccessful. 

 The standard for testing claims of ineffective assistance of counsel is set out in
Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),
and adopted for Texas constitutional claims in Hernandez v. State, 726 S.W.2d 53, 56-57
(Tex. Crim. App. 1986). To meet this burden, an appellant must prove that his attorney's
representation fell below the standard of prevailing professional norms and that there is a
reasonable probability that, but for the attorney's deficiency, the result of the trial would
have been different. Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Among
the many standards that bind reviewing courts under a Strickland review is that any
allegation of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808,
813 (Tex. Crim. App. 1999). "A convicted defendant making a claim of ineffective
assistance must identify the acts or omissions of counsel that are alleged not to have been
the result of reasonable professional judgment." Strickland, 466 U.S. at 690. Appellant's
characterization of the facts cannot be inferred from our careful reading of the reporter's
record. 

 It is incumbent upon an appellant to cite specific legal authority and to provide
cogent arguments based upon that authority and the record. See Tex. R. App. P. 38.1(h);
Bell v. State, 90 S.W.3d 301, 305 (Tex. Crim. App. 2002). A court will not make
appellant's legal arguments for him. See id. Ineffective assistance of counsel claims are
not built on retrospective speculation by reviewing courts. See Bone v. State, 77 S.W.3d
828, 835 (Tex. Crim. App. 2002). Issue five is lacking in proper legal authority and
factual support in the record, and is overruled. We affirm the judgment and sentence of
the trial court.

 AFFIRMED.

 PER CURIAM


 


Submitted on April 29, 2004

Opinion Delivered June 30, 2004

Do Not Publish


Before McKeithen, C.J., Burgess, and Gaultney, JJ.