NUMBER 13-03-621-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
TAWAN RESHEED HILL,                                                            Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                                      

On appeal from the 230th District Court of Harris County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Rodriguez, Castillo, and Garza
Memorandum Opinion by Justice Garza
 
Appellant, Tawan Resheed Hill, challenges his conviction for aggravated robbery
by one issue: whether the trial court erred by denying his motion for an instructed verdict.
Since a complaint about the denial of a motion for an instructed verdict is in actuality an
attack upon the sufficiency of the evidence to sustain the conviction, we will address
appellant’s issue as a challenge to the legal and factual sufficiency of the evidence. See
McDuff v. State, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997). Because the evidence was
both legally and factually sufficient to sustain appellant’s conviction, as discussed below,
we overrule appellant’s sole issue on appeal and affirm the judgment of the trial court. 
          When reviewing the legal sufficiency of the evidence, we view the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Sanders v. State, 119 S.W.3d 818, 820 (Tex. Crim.
App. 2003). We are not fact finders; our role is that of a due process safeguard, ensuring
only the rationality of the trier of fact’s finding of the essential elements of the offense
beyond a reasonable doubt. See Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App.
1988).  
A person commits robbery if, in the course of committing theft and with the intent
to obtain or maintain control of the property, he (1) intentionally, knowingly, or recklessly
causes bodily injury to another or (2) intentionally or knowingly threatens or places another
in fear of imminent bodily injury or death. Tex. Penal Code Ann. § 29.02(a) (Vernon 2003). 
A person commits aggravated robbery if he commits robbery and (1) causes serious bodily
injury to another; (2) uses or exhibits a deadly weapon; or (3) causes bodily injury to
another person or threatens or places another person in fear of imminent bodily injury or
death, if the person is either 65 years of age or older or a disabled person. Tex. Penal
Code Ann. § 29.03(a) (Vernon 2003). 
At trial, the State produced substantial evidence of appellant’s guilt. Two of the
three victims of the robbery testified that appellant forced his way into their apartment while
brandishing a handgun. Appellant searched the apartment, demanded money, and made
two of the victims take off their clothes and lie down on the floor. The other victim, who
was five months pregnant at the time, was forced to stand in the corner of the dining room. 
Later, appellant pointed his handgun at her abdomen and demanded to know where the
money was. When she failed to produce any money, appellant fired his weapon into the
floor. After approximately fifteen minutes, appellant fled the scene, taking with him $200
in cash and a set of custom gold teeth, valued at approximately $900. The victims then
called the police. About ten minutes later, police officers detained two men who were
exiting the victims’ apartment complex. The victims identified one of the detained men as
the individual who robbed them. After searching the suspects and their vehicle, police
officers discovered a set of custom gold teeth, as well as $517 in cash. 
At trial, two of the victims identified appellant as one of the men detained by the
police and as the man who robbed them. One of the victims identified the set of custom
gold teeth recovered by the police as the teeth taken from him during the robbery. The two
victims also identified a hooded sweatshirt found in the backseat of appellant’s vehicle as
the sweatshirt worn by appellant during the robbery. A spent shell casing recovered from
the floor of the victims’ apartment was also introduced into evidence. Although the
handgun used in the robbery was not recovered, the spent shell casing corroborated the
victims’ allegation that a firearm was discharged during the robbery. 
We conclude that this evidence is legally sufficient to prove that appellant used and
exhibited a deadly weapon during the commission of a robbery and that it is therefore
legally sufficient to sustain appellant’s conviction for aggravated robbery. See id. 
Appellant’s legal-sufficiency challenge is overruled.       
In a factual-sufficiency review, the evidence is viewed in a neutral light, favoring
neither party. See Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). In this
neutral light, we determine whether “the proof of guilt is so obviously weak as to undermine
confidence in the jury’s determination, or the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof.” See Johnson v. State, 23 S.W.3d 1, 11
(Tex. Crim. App. 2000). A clearly wrong and unjust verdict occurs where the jury’s finding
“shocks the conscience” or “clearly demonstrates bias.” Santellan v. State, 939 S.W.2d
155, 164–65 (Tex. Crim. App. 1997). We are authorized to disagree with the fact finder’s
verdict even if probative evidence exists that supports the verdict. Id. at 164; see also
Johnson, 23 S.W.3d at 7.
Appellant contends that the evidence is factually insufficient to sustain his conviction
because it demonstrates that the perpetrator of the offense was not him but a man named
Gist who was with him when he was detained by the police. Appellant points out that the
gold teeth and cash were actually found on Gist’s person and that, at the time of their
detainment, appellant was not wearing the sweatshirt described by the victims (it was found
in the backseat of the car). Appellant further contends that the testimony of one of the
victims was not credible because the victim gave inconsistent answers when asked
whether he knew appellant prior to the robbery. 
Given the evidence detailed in our legal-sufficiency analysis, we cannot conclude
that the proof of guilt is so obviously weak as to undermine confidence in the jury’s
determination or that the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof. See Johnson, 23 S.W.3d at 11. The jury is the exclusive
judge of the credibility of witnesses and of the weight to be given their testimony. Barnes
v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994) (per curiam). To the extent that one
of the victims gave inconsistent answers, we note that the reconciliation of conflicts in the
evidence is within the exclusive province of the jury. Wyatt v. State, 23 S.W.3d 18, 30
(Tex. Crim. App. 2000). Appellant’s challenge to the factual sufficiency of the evidence is
overruled. 
The judgment of the trial court is affirmed.  
 
DORI CONTRERAS GARZA,
                                                                           Justice
 
Do not publish. 
Tex.R.App.P. 47.2(b)
Memorandum Opinion delivered and 
filed this the 26th day of May, 2005.