NUMBER 13-04-213-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

ROMEO ROSAS,                                                                               Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

 

      On appeal from the 156th District Court of Bee County,
Texas.

 

 

                       MEMORANDUM OPINION

 

                  Before Justices Yañez, Castillo,
and Garza

                            Memorandum
Opinion by Justice Garza

 








Appellant was indicted and convicted of burglary of
a habitation and sentenced to twenty-five years=
imprisonment.  See Tex. Penal Code Ann. ' 30.02(a)(1) (Vernon 2003).  By one issue, appellant contends that the
evidence is legally insufficient to support his conviction because the owner of
the habitation named in the indictment did not testify at trial.  See Sanders v. State, 119 S.W.3d 818,
820 (Tex. Crim. App. 2003) (stating the well-settled standard of review for
legal sufficiency challenges).  Although
the owner named in the indictment did not testify at trial, her mother, who
holds title to the premises, did testify. 
She stated that she had asked her daughter to look after her house while
she was traveling out of state for about two weeks.  She did not know appellant and had never seen
him before trial.  She also testified
that she did not give anyone other than her daughter permission to go into her
home while she was gone.  In addition, a
written and signed confession was admitted into evidence in which appellant
stated that he kicked in the door of the habitation and walked inside when no
one answered his knocking.  Viewed in the
light most favorable to the verdict, this evidence is legally sufficient to
establish lack of consent.  We recognize
no fatal variance between the indictment and the proof because the proof
supports the indictment=s allegation that appellant entered the habitation
without the consent of its owner. 
Although the owner named in the indictment did not testify at trial, the
evidence produced by the State established that appellant had no consent from
any of the owners prior to entering the habitation.  See Tex.
Penal Code Ann. 1.07(a)(35) (Vernon Supp. 2004B05) (defining Aowner@ as a person who Ahas
title to the property, possession of the property, whether lawful or not, or a
greater right to possession of the property than the actor.@). Accordingly, appellant=s sole issue is overruled and the judgment of the
trial court is affirmed.    

 

 

DORI CONTRERAS GARZA

Justice

 

Do
not publish.  

Tex. R. App. P.
47.2(b).

Memorandum
Opinion delivered 

and
filed this the 7th day of July, 2005.