# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00520-CR

**Jeremy Garst, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
## NO. 669894, HONORABLE MIKE DENTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Jeremy Garst guilty of the misdemeanor offense of assault causing bodily injury, for which the court assessed a $4000 fine. *See* Tex. Pen. Code Ann. § 22.01(a)(1) (West Supp. 2005). Appellant contends that the evidence is legally and factually insufficient to sustain the jury's verdict, and that the exclusion of testimony denied him his right to cross-examination. Finding no reversible error, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant and his fiancee at the time, Lindsey Koenig, drove to Lake Travis on July 4, 2004, with Koenig's friend, Ashley Elizondo, to meet friends. They arrived around 2 p.m. and, shortly thereafter, appellant left on a boat with other friends, leaving Koenig and Elizondo on shore with a group of about eight others. Both groups were drinking alcohol. When appellant returned,

he argued with Koenig and accused her of flirting. Appellant and Koenig left the lake to eat at a nearby fast-food restaurant. In the truck on the way to the restaurant, they argued about the volume of the stereo. Koenig testified that when she turned the volume down, appellant hit her in the chest with his closed fist, knocking the wind out of her.

They continued on to the restaurant, where appellant ordered food only for himself from the drive-through window, parked nearby, and ate in front of Koenig. Koenig got out of the truck and began to walk away. She testified that she returned to the vehicle only after appellant threatened her. Koenig testified that appellant then used both of his hands to choke her until she passed out. She testified that when she regained consciousness, appellant was "in [her] face" yelling that the altercation was her fault. Koenig testified that as they drove back to the lake, appellant hit her on the wrist for crying and continued to yell at her. Once back at the lake, Koenig told Elizondo that appellant had hit her, and asked Elizondo to get in the truck. Elizondo testified that as she walked away to get her wallet, appellant drove off with Koenig.

While driving up a hill to exit the park, Koenig testified that she jumped out of the moving truck to escape from appellant, sustaining injuries to her hip and shoulder. Koenig stated that at this point, appellant got out of the truck, yelled at her, picked her up by her hair, threw her back into the car, and twice hit her head on the steering wheel. According to Koenig, they then drove to the duplex they shared, but drove past it when appellant saw Elizondo waiting outside. Koenig stated that while they were parked nearby waiting for Elizondo to leave, she attempted to get out of the car, but appellant threatened "do you think you can actually run faster than me, you are hurting." She further testified that after she promised not to tell anyone about the altercation, appellant returned her to the duplex and she walked immediately inside. Koenig stated that appellant refused

2

to allow her to leave, but that after he fell asleep she used his cellular phone, the only working phone in the duplex, to call her parents, who arrived shortly thereafter to pick her up. Koenig's parents drove her to the hospital, where Koenig's injuries were treated, and where an officer from the Austin Police Department took her statement and photographs.

Appellant was charged with assault. At the close of the one-day trial, the jury returned a verdict of guilty.

## ANALYSIS

In three issues on appeal, appellant challenges the legal and factual sufficiency of the evidence to support his conviction and further contends that the exclusion of testimony denied him his rights to cross-examination and to present a defense.

### *Legal and Factual Sufficiency*

Appellant urged at trial that Koenig was not a credible witness and that she fabricated the story because she was angry with appellant. He contends that there was no evidence that any of the alleged acts caused her pain. In a legal sufficiency challenge, we view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Sanders v. State*, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003). In a factual sufficiency challenge, we view the evidence in a neutral light, not favoring either side, and determine whether the fact finder was rationally justified in finding guilt beyond a reasonable doubt. *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004); *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). Evidence may be found factually insufficient when the evidence supporting the verdict,

3

considered alone, is too weak to support the finding of guilt beyond a reasonable doubt, or the evidence contrary to the verdict is so strong that the standard of beyond a reasonable doubt could not have been met. *Zuniga*, 144 S.W.3d at 484-85. It is within the exclusive province of the jury to judge the credibility of witnesses, decide the weight to be given their testimony, and reconcile conflicts in the evidence. *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996).

Appellant contends that the State failed to prove that he caused bodily injury to Koenig. To prove the misdemeanor offense of assault, the State must show that a person intentionally, knowingly, or recklessly caused bodily injury to another. *See* Tex. Pen. Code Ann. § 22.01(a)(1). Bodily injury is defined as "physical pain, illness, or any impairment of physical condition." *Id.* § 1.07(a)(8) (West Supp. 2005). The jury may draw reasonable inferences and make reasonable deductions from the evidence that she suffered bodily injury. *See Arzaga v. State*, 86 S.W.2d 767, 778-79 (Tex. App.—El Paso 2002, no pet.).

Koenig testified that appellant hit her in the chest hard enough to knock the wind out of her; choked her to the point of unconsciousness; picked her up by her hair and threw her into the truck; and twice hit her head on the truck's steering wheel. She further testified that the contact with the steering wheel left a knot and bruise on her forehead that was examined by an emergency room doctor. Koenig described these acts and injuries to the jury. Furthermore, the jury could have inferred physical pain from appellant's threat to Koenig, "do you think you can actually run faster than me, you are hurting," and from Elizondo's testimony that she saw Koenig crying in the truck, and that Koenig kept repeating, "he hit me."

Viewed in the light most favorable to the verdict, and giving due deference to the fact finder's assessment of the witnesses' credibility and resolution of evidentiary conflicts, we cannot

4

say that the evidence was legally insufficient to support a conviction. Furthermore, we find that the evidence of guilt was not too weak, nor was any contrary evidence too strong, to support a finding of guilt beyond a reasonable doubt. We overrule appellant's first and second issues.

***Exclusion of choke hold testimony***

In his third issue, appellant argues that the exclusion of testimony from a police officer resulted in a denial of his rights to cross-examination and to present a defense.

During the cross-examination of Dale Stevenson, the Austin police officer who took Koenig's statement at the hospital, defense counsel asked if Stevenson had ever been trained to administer a choke hold. The following testimony occurred:

| [Defense]: | In the police academy or in your military training, have you been trained how to administer any sort of like a choke hold or anything like that? |
|---|---|
| [Stevenson]: | In military, yes, sir. |
| [State]: | Your Honor, the State objects to this line of questioning, it's irrelevant. |
| [Court]: | Why is it relevant how the military may teach somebody how to do something? |
| [Defense]: | Well he might be an expert as to proper administration how to choke someone out, how long it takes to choke somebody out, how much time it takes to put somebody unconscious by choking. |
| [Court]: | I'm going to sustain the objection. |
| [Defense]: | I don't have any other questions. |

On appeal, appellant contends that the "police officer's testimony was not particularly important to the case as a whole, but what that officer had to say about what level of force it takes to choke someone unconscious could have impeached [Koenig's] testimony." When the substance of the testimony is not apparent from the context of the question, the offering party is required to make an offer of proof. *See* Tex. R. Evid. 103(a)(2). Because appellant failed to make an offer of proof, nothing is preserved for review. We overrule appellant's third issue.

## CONCLUSION

We overrule appellant's issues on appeal and affirm the judgment of conviction.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed: May 3, 2006

Do Not Publish