OPINION HEADING PER CUR 









                NO. 12-07-00006-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

FEON
MARSAY FLANAGAN,       §          APPEAL FROM THE 

APPELLANT

 

V.        §          COUNTY
COURT AT LAW OF

 

THE
STATE OF TEXAS,

APPELLEE   §          NACOGDOCHES
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM
OPINION

            A jury convicted Feon Marsay Flanagan of criminal
mischief for damaging a vehicle owned by the complainant, Hadrick Simon.  In three issues, Appellant challenges the
legal and factual sufficiency of the evidence and argues that inadmissible
opinion testimony was given at trial by the investigating police officer.  We affirm.

 

Background

            Appellant and Simon were employed by East Texas Crate and
Pallet, which did contract work for Southwest Canners in Nacogdoches.  On January 4, 2005, Appellant got into a
heated argument with his and Simon’s supervisor, Ron Temple.  After ending his argument with Temple,
Appellant walked over to Simon.  Simon
testified that he told Appellant, to “[g]ive the boss man some respect.”  Simon testified that when he said this,
Appellant began cursing him.  Temple, who
was standing nearby, said that when he heard Appellant use a racial epithet
directed at Simon, he intervened and told Appellant that “he needed to go home.”  Temple further testified that Appellant was
not in a good mood after being told to go home because he wanted and needed to
work.  According to Simon, Appellant told
him before leaving the building that he planned to “go out and kick in [Simon’s]
suburban.”  








            Simon testified that he went to the window of the
building’s break room to look out into the parking lot after Appellant left the
building.  He said he saw a small car
come to pick up Appellant near Simon’s 1985 Chevrolet Suburban.  Simon testified that he then went out to his
vehicle to find the driver’s door dented. 
He said the door had not been dented prior to the time he arrived for
work that morning.

            Simon called the Nacogdoches Police Department to come
and investigate the damage to the driver’s door of his vehicle.  Officer Cynthia Boreman of the Nacogdoches
Police Department investigated the scene and testified about what she learned
during her investigation.  She also introduced
photographs, which were admitted into evidence, showing the dented driver’s
door on Simon’s vehicle.  She further
testified that she observed a shoe print in the dent.  At the end of her direct testimony, Boreman
was asked if she had an opinion as to who had dented the door.  Following Appellant’s objection, the trial
court allowed her to testify that, “[b]ased on the information coming from Mr.
Simon and what I saw, I did list Mr. Feon Flanagan as a suspect in the
case.  Yes.”  

            Simon also testified that Appellant called him on the
night of the incident to tell him that, although he was not the person who had
dented his vehicle door, he knew who had done it. Appellant did not tell Simon
who that person was.

            The jury convicted Appellant of the Class B misdemeanor
of criminal mischief for inflicting damage with a pecuniary loss of more than
$50.00 but less than $500.00 to Simon’s vehicle.[1]  The
trial court assessed punishment at 180 days of confinement with a $750.00 fine,
which it then suspended by placing Appellant on court supervised probation for
twenty-four months.  Appellant timely
filed this appeal.

 

 

Legal
and Factual Sufficiency

            In his first two issues, Appellant contends that the
evidence was not legally and factually sufficient to support his
conviction.  

Standard of Review








            In reviewing a legal sufficiency challenge, an appellate
court must view the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found all of the
essential elements of the charged offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S.
307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Sanders v. State,
119 S.W.3d 818, 820 (Tex. Crim. App. 2003). 
In a factual sufficiency review, the court should view the evidence in a
neutral light and ask whether a jury was rationally justified in its finding of
guilt beyond a reasonable doubt.  See Watson
v. State, 204 S.W.3d 404, 413-14 (Tex. Crim. App. 2006).  The court should not reverse a case because
of the factual insufficiency of the evidence unless it can say, with some
objective basis in the record, that the great weight and preponderance of the
evidence contradicts the jury’s verdict. 
Id. at 417.  “The
difference between the two standards is that the [legal sufficiency standard]
requires the reviewing court to defer to the jury’s credibility and weight
determinations while the [standard for factual sufficiency] permits the
reviewing court to substitute its judgment for the jury’s, ‘albeit to a very
limited degree.’”  Marshall v.
State, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006).

Applicable Law

            A person commits the offense of criminal mischief if he
damages or destroys another person’s tangible property without that person’s
consent. Tex. Penal Code Ann. §
28.03(a)(1).  When pecuniary loss is more
than $50.00 but less than $500.00, as charged in the information here, a person
commits a Class B misdemeanor. Tex.
Penal Code Ann. § 28.03(b)(2). 
The correct measure of loss to property that has not been destroyed and
may be repaired is the cost of repairing or restoring the damaged property
within a reasonable time. Tex. Penal
Code Ann. § 28.06(b) (Vernon 2003). 


Discussion








            The uncontroverted evidence before the jury was that the
driver’s door of Simon’s 1985 Chevrolet Suburban was not damaged when he
arrived for work on January 4, 2005. 
Appellant told Simon before leaving the building that he planned to “go
out and kick in [Simon’s] suburban.” 
Simon then found it dented after he went out and inspected his vehicle
following Appellant’s departure from the parking lot.  Further, Appellant called Simon that same
night to say that while he had not dented the door on Simon’s vehicle, he knew
who had done it.  However, he did not
identify who that person would have been. 
Simon testified that he spent $100.00 in repairing the damage.  Finally, the jury viewed a photograph from
Officer Boreman showing the dented driver’s door and heard testimony from
Boreman that she observed a shoe print on the door.  We hold that a rational trier of fact could
have found, beyond a reasonable doubt, that Appellant inflicted damage at a
cost of repair of at least $50.00 and less than $500.00.  Therefore, we conclude that the evidence is
legally sufficient to support Appellant’s conviction, and we overrule his first
issue.

            In his factual sufficiency challenge, Appellant contends
that there were inconsistencies in the testimony of Simon and Boreman.  He contends that Simon testified $200.00 in
damage had been done to his vehicle but yet he spent only $100.00 in repairing
it.  This testimony is not contradictory
because Simon testified that he himself had actually repaired the dent after
purchasing the material with which to repair it.  

            Appellant also contends Simon testified that a twenty
ounce soda water bottle had been thrown on the door of his vehicle.  Yet, Simon also testified that the door had
been kicked in.  This testimony is not
inconsistent because both could have occurred. 
Appellant also points out that Boreman did not mention the soda water
bottle in her testimony.  However,
failing to mention the soda water bottle does not equate to disputing Simon’s
testimony about the bottle. 

            Finally, Appellant contends Boreman testified that Simon
saw Appellant leaving the parking lot in a small “blue” car.  However, Simon testified that he saw
Appellant leaving in a small car that was “dark gray or something, I don’t
know.”  This difference in the
description of the car is inconsequential.

            We hold, on reviewing all of the evidence, that the
evidence supporting Appellant’s conviction was not so weak that the jury’s
verdict is clearly wrong and manifestly unjust or against the great weight and
preponderance of the evidence. 
Therefore, the evidence is factually sufficient to support Appellant’s
conviction.  We overrule Appellant’s
second issue.  

 

                        Opinion Testimony

            In his third issue, Appellant contends that the trial
court erred in allowing Boreman to give her opinion about who had damaged Simon’s
vehicle.  Appellant contends that this
violates the statutory requirement that the jury, in all cases, is the
exclusive judge of the facts.  The
specific testimony Appellant contends was harmful is:








 

Q.            Do
you have an opinion as to who did this?

 

A.            Based
on the information coming from Mr. Simon and what I saw, I did list Mr. Feon
Flanagan as a suspect in the case.  Yes.

 

We agree with Appellant.  The expression of guilt or innocence in any
case is a conclusion to be reached by the jury based on the instruction given
to them in the court’s charge, coupled with the evidence admitted by the judge
in the course of the trial.  Boyde
v. State, 513 S.W.2d 588, 590 (Tex. Crim. App. 1974).  No witness is competent to voice an opinion
as to guilt or innocence.  Id.  The trial court erred in allowing Boreman to
give her opinion.  

Harm Analysis

            Having found error, we must determine whether the error
affected Appellant’s substantial rights. 
See Tex. R. App. P.
44.2(b).  A substantial right is affected
when the error had a substantial and injurious effect or influence on the jury’s
determination of its verdict.  King
v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).  An accused’s substantial rights are not
affected by the erroneous submission of evidence if the appellate court, after
examining the whole record, has fair assurance that the error did not influence
the jury, or had but a slight effect.  Solomon
v. State, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001).  

            Appellant contends that the error is harmful because of
the inconsistencies in the evidence that we have reviewed in our factual
sufficiency analysis.  As shown above,
all of these alleged inconsistencies of testimony could be logically explained
or were inconsequential.  The evidence
before the jury overwhelmingly established Appellant’s guilt.  We conclude that Boreman’s opinion testimony
erroneously admitted either had no effect or only a slight effect on the jury’s
determination of Appellant’s conviction. 
The error was harmless, and Appellant’s third issue is overruled.

Disposition

            Having overruled Appellant’s three issues, the judgment
of the trial court is affirmed.

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

Opinion
delivered November 30, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

(DO NOT PUBLISH)











[1] See Tex. Penal Code Ann. § 28.03(a)(1), (b)(2) (Vernon Supp.
2007).