# NO. 12-07-00237-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *FELIPE FLORES,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

A jury found Appellant, Felipe Flores, guilty of the offense of driving while intoxicated with a child passenger and assessed his punishment at confinement for eighteen months in a state jail facility. In two issues, Appellant challenges the legal and factual sufficiency of the evidence to support his conviction. We affirm.

### BACKGROUND

Around midnight on October 22, 2006, Trooper Burkett of the Texas Highway Patrol had stopped a car driven by Rafael Flores, Appellant's brother. While Trooper Burkett was administering field sobriety tests to Rafael Flores, a red GMC Yukon pulled up in front of the patrol car. Appellant got out of the right side of the Yukon and went and talked to Rafael's wife, who was waiting in their car while her husband underwent the sobriety tests. While Appellant was thirty feet away, Trooper Burkett told him to leave. Appellant, according to Trooper Burkett, said he was not going to leave. Trooper Burkett then approached Appellant, and noticed a strong odor of an alcoholic beverage about him. He ordered Appellant to stay to be sobriety tested because he believed Appellant was the driver of the red Yukon. The patrol car video shows Appellant walking back and

forth and going to the front passenger window to talk to another occupant of the Yukon. The video also shows the passenger door being opened from the inside and a foot briefly coming out of the passenger door while Appellant remained outside some distance away.

Appellant's brother passed all the standardized field sobriety tests and was given a warning ticket for a minor traffic violation. He could not leave, however, because Appellant's vehicle blocked his exit from the parking lot.

Appellant was not so fortunate. He failed the horizontal gaze nystagmus test, the nine step walk and turn test, and the one leg stand test. Trooper Burkett also offered Appellant the opportunity to take a preliminary breath test. At this point, Rafael yelled from the other car that he had his lawyer on the telephone and the lawyer advised that he not take breath test. Trooper Burkett arrested Appellant, placed him in the patrol car, and went to speak to Appellant's wife, the other occupant of the red Yukon. She was sitting in the driver's seat. She insisted that she had been the driver since they had left a friend's fiftieth wedding anniversary party. Trooper Burkett learned that the child in the car seat on the back seat as Yuria Flores, the child of Ramiro Flores and his wife, Brisa.

Appellant refused a breath test when he arrived at the Smith County jail.

At trial, Appellant testified that he had put Yuria in the car seat when they left the party and that he remained in the back seat with her to calm her because she was crying. According to Appellant, he was seated behind the driver, which would explain why Trooper Burkett saw him getting out of the car on the driver's side. He testified that he did not take the breath test because he did not "know how this works." On cross examination, he admitted he had taken and failed a breathalyzer test eleven years earlier and that he had pleaded guilty to driving while intoxicated.

Sylvia Flores testified that she, not her husband, was the driver when they left the party and that he had remained in the back seat to calm Yuria. Ramiro Flores, Yuria's father, testified that he and his wife, Judith, had asked Appellant and Sylvia to take Yuria home from the party. He told the jury he watched Appellant put the child in the back seat and that Sylvia was driving the red Yukon. In all, six members of the Flores family testified that they left the party at the same time. All testified they saw Sylvia, not Appellant, behind the wheel.

2

## LEGAL AND FACTUAL SUFFICIENCY

In his first and second issues, Appellant challenges the legal and factual sufficiency of the evidence that he was operating the vehicle.

## Standard of Review

The standard for reviewing a legal sufficiency challenge is whether, viewing the evidence in the light most favorable to the jury's verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 317-18, 99 S. Ct. 2781, 2788-89, 61 L. Ed. 2d 560 (1979); *see also Sanders v. State*, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003). In reviewing factual sufficiency, we must ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine our confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); *see also Watson v. State*, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).

A person commits an offense if the person is intoxicated while operating a motor vehicle in public place and that motor vehicle is occupied by a passenger who is younger than fifteen years of age. TEX. PENAL CODE ANN. § 49.045(a)(Vernon Supp. 2007).

## Discussion

Appellant points out that when the red Yukon stopped, Trooper Burkett's attention was focused on giving Rafael Flores's sobriety tests. Trooper Burkett never saw Appellant operating the car nor could he remember seeing him in the driver's seat. He did not ask Appellant if he was the driver. The State's case rests, he argues, on Trooper Burkett's assumption that Appellant must have been driving because he went to the passenger side of the red Yukon and spoke to his wife through the passenger side window.

Trooper Burkett stated that when Appellant exited the car, it was from the driver's side. The video from the patrol car camera shows Appellant returning to the passenger side of his vehicle and talking to the person remaining in the vehicle through the passenger side window. The video also shows the passenger side door opened from the inside and Sylvia's foot briefly protruding from the partially open door and then retreating back into the car. Appellant admitted he was not the person who opened and closed the passenger door as he was standing well away from the vehicle at that

3

time. During the prosecutor's cross examination of Sylvia Flores, he had her stand to demonstrate how unlikely it was that a person of her diminutive stature could reach over from the driver's seat and open the passenger side door as she claimed. Since she testified that her feet remained on the driver's side, the defense evidence cannot explain away the brief tentative appearance of what must have been Sylvia's foot from the passenger side door.

Appellant, five other members of the Flores family, and two friends testified that Sylvia drove the red Yukon when they left the party. Yet the jury chose to rely on the circumstantial evidence that pointed to Felipe as the driver rather than eight eyewitnesses who said Sylvia was the driver. Trooper Burkett saw Appellant emerge from the driver's side of the vehicle when it stopped. The jury is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *Losada v. State*, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). It was reasonable for the jury to infer that Appellant was the driver from his conduct, captured on the video, in talking to his wife at the passenger window, and from the brief appearance of Sylvia's foot at the open passenger side door.

Measured against the appropriate standards of review, the evidence is legally and factually sufficient to support the jury's finding of guilt beyond a reasonable doubt. Appellant's first and second issues are overruled.

## DISPOSITION

The judgment of the trial court is **affirmed**.

BILL BASS
Justice

Opinion delivered July 16, 2008.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.*

(DO NOT PUBLISH)