NO. 12-07-00237-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


FELIPE FLORES,
§
 APPEAL FROM THE 241ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 A jury found Appellant, Felipe Flores, guilty of the offense of driving while intoxicated with
a child passenger and assessed his punishment at confinement for eighteen months in a state jail
facility. In two issues, Appellant challenges the legal and factual sufficiency of the evidence to
support his conviction. We affirm.


Background


 Around midnight on October 22, 2006, Trooper Burkett of the Texas Highway Patrol had
stopped a car driven by Rafael Flores, Appellant's brother. While Trooper Burkett was
administering field sobriety tests to Rafael Flores, a red GMC Yukon pulled up in front of the patrol
car. Appellant got out of the right side of the Yukon and went and talked to Rafael's wife, who was
waiting in their car while her husband underwent the sobriety tests. While Appellant was thirty feet
away, Trooper Burkett told him to leave. Appellant, according to Trooper Burkett, said he was not
going to leave. Trooper Burkett then approached Appellant, and noticed a strong odor of an
alcoholic beverage about him. He ordered Appellant to stay to be sobriety tested because he believed
Appellant was the driver of the red Yukon. The patrol car video shows Appellant walking back and
forth and going to the front passenger window to talk to another occupant of the Yukon. The video
also shows the passenger door being opened from the inside and a foot briefly coming out of the
passenger door while Appellant remained outside some distance away.

 Appellant's brother passed all the standardized field sobriety tests and was given a warning
ticket for a minor traffic violation. He could not leave, however, because Appellant's vehicle blocked
his exit from the parking lot.

 Appellant was not so fortunate. He failed the horizontal gaze nystagmus test, the nine step
walk and turn test, and the one leg stand test. Trooper Burkett also offered Appellant the opportunity
to take a preliminary breath test. At this point, Rafael yelled from the other car that he had his
lawyer on the telephone and the lawyer advised that he not take breath test. Trooper Burkett arrested
Appellant, placed him in the patrol car, and went to speak to Appellant's wife, the other occupant
of the red Yukon. She was sitting in the driver's seat. She insisted that she had been the driver since
they had left a friend's fiftieth wedding anniversary party. Trooper Burkett learned that the child in
the car seat on the back seat as Yuria Flores, the child of Ramiro Flores and his wife, Brisa. 

 Appellant refused a breath test when he arrived at the Smith County jail.

 At trial, Appellant testified that he had put Yuria in the car seat when they left the party and
that he remained in the back seat with her to calm her because she was crying. According to
Appellant, he was seated behind the driver, which would explain why Trooper Burkett saw him
getting out of the car on the driver's side. He testified that he did not take the breath test because
he did not "know how this works." On cross examination, he admitted he had taken and failed a
breathalyzer test eleven years earlier and that he had pleaded guilty to driving while intoxicated.

 Sylvia Flores testified that she, not her husband, was the driver when they left the party and
that he had remained in the back seat to calm Yuria. Ramiro Flores, Yuria's father, testified that he
and his wife, Judith, had asked Appellant and Sylvia to take Yuria home from the party. He told the
jury he watched Appellant put the child in the back seat and that Sylvia was driving the red Yukon. 
In all, six members of the Flores family testified that they left the party at the same time. All testified
they saw Sylvia, not Appellant, behind the wheel.



Legal and Factual Sufficiency


 In his first and second issues, Appellant challenges the legal and factual sufficiency of the
evidence that he was operating the vehicle. 

Standard of Review

 The standard for reviewing a legal sufficiency challenge is whether, viewing the evidence in
the light most favorable to the jury's verdict, any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 317-18, 99
S. Ct. 2781, 2788-89, 61 L. Ed. 2d 560 (1979); see also Sanders v. State, 119 S.W.3d 818, 820 (Tex.
Crim. App. 2003). In reviewing factual sufficiency, we must ask whether a neutral review of all the
evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak
as to undermine our confidence in the jury's determination, or the proof of guilt, although adequate
if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000); see also Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).

 A person commits an offense if the person is intoxicated while operating a motor vehicle in
public place and that motor vehicle is occupied by a passenger who is younger than fifteen years of
age. Tex. Penal Code Ann. § 49.045(a)(Vernon Supp. 2007).

Discussion

 Appellant points out that when the red Yukon stopped, Trooper Burkett's attention was
focused on giving Rafael Flores's sobriety tests. Trooper Burkett never saw Appellant operating the
car nor could he remember seeing him in the driver's seat. He did not ask Appellant if he was the
driver. The State's case rests, he argues, on Trooper Burkett's assumption that Appellant must have
been driving because he went to the passenger side of the red Yukon and spoke to his wife through
the passenger side window.

 Trooper Burkett stated that when Appellant exited the car, it was from the driver's side. The
video from the patrol car camera shows Appellant returning to the passenger side of his vehicle and
talking to the person remaining in the vehicle through the passenger side window. The video also
shows the passenger side door opened from the inside and Sylvia's foot briefly protruding from the
partially open door and then retreating back into the car. Appellant admitted he was not the person
who opened and closed the passenger door as he was standing well away from the vehicle at that
time. During the prosecutor's cross examination of Sylvia Flores, he had her stand to demonstrate
how unlikely it was that a person of her diminutive stature could reach over from the driver's seat
and open the passenger side door as she claimed. Since she testified that her feet remained on the
driver's side, the defense evidence cannot explain away the brief tentative appearance of what must
have been Sylvia's foot from the passenger side door.

 Appellant, five other members of the Flores family, and two friends testified that Sylvia
drove the red Yukon when they left the party. Yet the jury chose to rely on the circumstantial
evidence that pointed to Felipe as the driver rather than eight eyewitnesses who said Sylvia was the
driver. Trooper Burkett saw Appellant emerge from the driver's side of the vehicle when it stopped. 
The jury is the exclusive judge of the credibility of the witnesses and the weight to be given their
testimony. Losada v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). It was reasonable for the
jury to infer that Appellant was the driver from his conduct, captured on the video, in talking to his
wife at the passenger window, and from the brief appearance of Sylvia's foot at the open passenger
side door. 

 Measured against the appropriate standards of review, the evidence is legally and factually
sufficient to support the jury's finding of guilt beyond a reasonable doubt. Appellant's first and
second issues are overruled.


Disposition


 The judgment of the trial court is affirmed.


 BILL BASS 

 Justice



Opinion delivered July 16, 2008.

Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.




(DO NOT PUBLISH)