NUMBER 13-05-664-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

 

DON KARL STUYVESANT,                                                            Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

 

 

On appeal from the County Court at
Law No. 4 

of Nueces County, Texas.

 

 

MEMORANDUM OPINION

 

                     Before
Justices Hinojosa, Rodriguez, and Garza

                            Memorandum
Opinion by Justice Garza

 








Appellant, Don Karl Stuyvesant, was charged with the
offense of violation of a protective order. 
See Tex. Pen. Code Ann. ' 25.07(a)(2)(C) (Vernon Supp. 2005).  Appellant pled not guilty to the
offense.  The trial court found appellant
guilty of violating the protective order and assessed punishment at 180 days= confinement and a fine of $500.  By one issue, appellant contends that the
evidence was legally and factually insufficient to sustain his conviction.  We affirm.

I. Facts

On March 7, 2005, the 148th District Court entered a
protective order prohibiting appellant from communicating in any manner with
complainant, Veronica Louise Frazier. 
The complainant alleges that appellant violated the terms of the
protective order by placing collect telephone calls to her phone on July 1,
2005, and July 4, 2005.  The complainant
testified that, on these dates, she answered the phone herself and heard
appellant=s recorded voice asking her to accept the collect
calls and that she did not accept the calls. 
Photos of the complainant=s caller identification system were introduced into
evidence.  The photos show calls made on
the dates in question that were alleged to have been placed by appellant while
he was in jail.  The trial court held
that the phone calls were contacts in violation of the protective order and
found appellant guilty of violating the order.

II. Relevant Law

A person commits the offense of violation of a
protective order if, in violation of an order issued under Texas Family Code
Chapter 85, the person knowingly or intentionally communicates in any manner
with the protected individual except through the person's attorney or a person
appointed by the court, if the order prohibits any communication with a
protected individual.  See id. 

 

 

 








III.  Legal
Sufficiency

A.  Standard
of Review

When reviewing the legal sufficiency of evidence, we
view the evidence in the light most favorable to the verdict to determine
whether any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Sanders v. State, 119 S.W.3d
818, 820 (Tex. Crim. App. 2003).  The
sufficiency of the evidence is measured against the elements of the offense as
defined by a hypothetically correct jury charge.  Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997).  We are not
fact-finders; our role is that of a due process safeguard, ensuring only the
rationality of the trier of fact=s finding of the essential elements of the offense
beyond a reasonable doubt.  See Moreno
v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).

B.  Analysis

By his first issue, appellant contends the evidence
is legally insufficient to prove that he Acommunicated@ with the complainant.@[1] 








The term Acommunication@ has not been defined statutorily in reference to
protective orders or violations thereof. 
Appellant provides a definition of Acommunication@ that assigns it the following meaning: the act of
communicating or imparting; the imparting, conveying, or exchange of ideas,
knowledge, information, etc., whether by interchange of speech, conversation,
or conference; however, the cited authority for the definition is a dissenting
opinion, and no Texas court has accepted that definition.  See Ex parte Abell, 613 S.W.2d 255,
263 (Tex. 1981) (Spears, dissenting). 
Even assuming, without deciding, that appellant=s definition is appropriate, the evidence presented
in this case is legally sufficient to support a finding that appellant
communicated with complainant.  Appellant
placed two phone calls to the complainant, which complainant answered.  Appellant=s
recorded voice conveyed information to the complainant, specifically, that he
wished the complainant would accept the call and speak directly with him.  A rational trier of fact could have found
beyond a reasonable doubt that this amounted to a communication in violation of
the protective order.  Thus, we hold the
evidence is legally sufficient to support the conviction.[2]

IV.  Factual Sufficiency

A. Standard of
Review








In a factual sufficiency review, the evidence is
viewed in a neutral light, favoring neither party.  See Clewis v. State, 922 S.W.2d 126,
134 (Tex. Crim. App. 1996).  In this
neutral light, we determine whether Athe proof of guilt is so obviously weak as to
undermine confidence in the jury=s determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof.@  See
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  A clearly wrong and unjust verdict occurs
where the jury=s finding Ashocks the conscience@ or Aclearly demonstrates bias.@  Santellan
v. State, 939 S.W.2d 155, 164-65 (Tex. Crim. App. 1997).  We are authorized to disagree with the fact
finder's verdict even if probative evidence exists that supports the
verdict.  See id. at 164; see
also  Johnson, 23 S.W.3d at 7.

B.  Analysis

Appellant complains that the verdict is so contrary
to the overwhelming weight of the evidence as to be clearly wrong and
unjust.  Appellant offers no support for
his factual insufficiency claim apart from that in his legal insufficiency
claim.

After viewing the evidence discussed above in a
neutral light, we conclude that the proof of guilt is not so obviously weak as
to undermine confidence in the jury=s determination. 
In addition, the proof of guilt is not greatly outweighed by contrary
proof.  Therefore, we hold that the
evidence is factually sufficient to support the jury's verdict. 

Appellant=s sole issue is overruled. 

We affirm the judgment of the trial court.

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Do not publish.                                              

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 29th day of June, 2006.

 

 











[1] Appellant points out that the
judge characterized the phone calls as Acontacts@ and found appellant guilty of making Acontacts@ instead of Acommunications.@ 
He contends the trial court applied the wrong standard in determining
guilt because the order prohibited Acommunication@ not Acontact.@ 
However, given our disposition of appellant=s first issue, that the voice
message is a form of Acommunication@ in violation of the protective
order, we need not address this contention.   






[2] 
Although appellant has not argued specifically that a recorded voice
message cannot be a communication sufficient to sustain a conviction for the
violation of a protective order, we note that there have been unpublished cases
finding that a voice message is sufficient to constitute such a
communication.  See Moreno v. State,
No. 04-02-00727-CR, 2003 Tex. App. LEXIS 5998, at *4-5 (Tex. App.BSan Antonio 2003, no pet.) (not
designated for publication); LeMaire v. State, 05-97-00290-CR, 1999 Tex.
App. LEXIS 801 (Tex. App.BDallas 1999, pet. ref=d) (op. on reh=g) (not designated for
publication).