NO. 12–06–00258–CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

JESSIE
ALLEN WILBORN,           §                      APPEAL FROM THE 241ST

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH COUNTY, TEXAS

                                                                                                                                                           


            MEMORANDUM OPINION

            Jessie
Allen Wilborn appeals his conviction for unauthorized use of a motor vehicle.
Appellant raises four issues.  We affirm.

 

Background

            Global Foods employed sales people,
including Appellant, to sell meat door to door in its refrigerated vans.  Every morning the sales employees would leave
the business’s premises in Gregg County in a company van containing a
refrigeration unit filled with meat. 
Sales employees would then peddle their wares wherever they chose
throughout a two hundred mile radius.  At
the end of the sales day, they were to return the vehicles to the business
premises, where the sales supervisor, David Cook, would meet them.  Cook testified that the company policy of
returning the vehicles every evening was explained to the employees, and that
the policy was understood by the employees.








            On January 23, 2006, Appellant left
in a company vehicle at about ten in the morning to begin another day of
selling meat door to door.  Appellant
failed to return at the end of the day. 
Cook waited for Appellant to return until nine that evening.  Cook returned to the office the next morning,
but Appellant still had not returned the vehicle.  Nor had Appellant contacted Cook or anyone
else to advise of any problems or to explain why he had not returned the
vehicle.  Cook contacted his supervisor,
who told him to report the missing vehicle to the police.  Cook made a report, and the City of
Longview  officer who took the report
entered a stolen vehicle report into state and national police computer databases.  

            A City of Tyler police officer found
the vehicle parked at a Tyler hotel at about 10:00 a.m. the next day.  The officer spoke to the hotel employees and
was told that Appellant had checked into the hotel at 2:00 a.m. that
morning.  The officer went to Appellant’s
hotel room and knocked on the door. 
Appellant opened the door and identified himself.  The officer asked Appellant if he knew why
they were there, and Appellant responded, “[P]robably because [I] didn’t bring
the van back.”  The officers arrested
Appellant and searched the hotel room. 
They recovered a crack pipe from the bathroom, a “Chore Boy,” which is a
copper scouring pad that is used as a filter for a crack pipe, and two rocks of
crack cocaine.

            A Smith County grand jury indicted
Appellant for the felony offense of unauthorized use of a motor vehicle.  The grand jury also alleged in the indictment
that Appellant had twice before been convicted of felony offenses.  Appellant pleaded not guilty, and a jury
trial was held.  The jury found Appellant
guilty.  In a separate punishment
hearing, the jury found the two enhancement paragraphs to be true, and assessed
punishment at twenty years of incarceration. 
This appeal followed.

 

Sufficiency of the Evidence

            In
his first and second issues, Appellant contends the evidence was legally and
factually insufficient to support the conviction for unauthorized use of a
motor vehicle.

Standard
of Review

            Legal sufficiency is the
constitutional minimum required by the Due Process Clause of the Fourteenth
Amendment to sustain a criminal conviction. 
Jackson v. Virginia, 443 U.S. 307, 315–16, 99 S. Ct. 2781,
2786–87, 61 L. Ed. 2d 560 (1979); see also Escobedo v. State,
6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref’d).  The standard for reviewing a legal
sufficiency challenge is whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt.  Jackson, 443 U.S. at 320, 99 S.
Ct. at 2789; Sanders v. State, 119 S.W.3d 818, 820 (Tex. Crim.
App. 2003); Johnson v.  State,
871 S.W.2d 183, 186 (Tex. Crim. App. 1993). 
The evidence is examined in the light most favorable to the jury’s
verdict.   Jackson, 443 U.S. at 320, 99 S. Ct.
at 2789;  Johnson, 871
S.W.2d at 186. 

            We review the factual
sufficiency of the evidence to determine whether, considering all the evidence
in a neutral light, the evidence supporting the conviction is too weak to
withstand scrutiny or the great weight and preponderance of the evidence
contradicts the jury’s verdict to the extent that the verdict is clearly wrong
and manifestly unjust.  See Watson
v. State, 204 S.W.3d 404, 414–15, 417 (Tex. Crim. App. 2006).  We then consider all of the evidence that
tends to prove the existence of the elemental fact in dispute and compare it to
the evidence that tends to disprove that fact. 
See Santellan v. State, 939 S.W.2d 155, 164 (Tex.
Crim. App. 1997).

            Our role is that of
appellate review, and the fact finder is the judge of the weight and
credibility of a witness’s testimony. 
Wesbrook v. State, 29 S.W.3d 103, 111–12 (Tex. Crim. App.
2000).  The fact finder may choose to
believe all, some, or none of a witness’s testimony.  Sharp v. State, 707 S.W.2d 611,
614 (Tex. Crim. App. 1986).  When we
review the factual sufficiency of the evidence, we are authorized to disagree
with the jury’s determination, even if probative evidence exists that supports
the verdict.  See Clewis v. State,
922 S.W.2d 126, 133 (Tex. Crim. App. 1996). 
But our evaluation should not substantially intrude upon the jury’s role
as the judge of the weight and credibility of witness testimony.  See Santellan, 939
S.W.2d at 164. 

Analysis

            A person commits the
offense of unauthorized use of a motor vehicle, as applicable here, if he
intentionally or knowingly operates a “motor–propelled” vehicle without the
effective consent of the owner.  Tex. Penal Code Ann. § 31.07 (Vernon
2006).  “Effective consent” includes “consent
by a person legally authorized to act for the owner.”  Tex.
Penal Code Ann. § 1.07(a)(19) (Vernon 2006). 

            Appellant concedes that
Cook was the owner of the vehicle for the purpose of this prosecution.  He argues that the State failed to prove that
he exceeded the authority Cook had given him to use the vehicle because Cook “was
at times unwilling to say that Appellant knew all the rules about when he could
keep the car” and because the rules regarding return of the company vehicles
were not written.

            In a related argument,
Appellant contends that the State’s evidence fails because there was no
evidence that Appellant “operated” the vehicle after the effective consent
ended.  Specifically Appellant argues
there is no evidence that he operated the vehicle, or operated it in Smith
County, after the effective consent to drive the vehicle ended.

            There was evidence to
show that there were limits on Appellant’s use of the vehicle and that those
limits had been communicated to Appellant. 
Appellant’s supervisor, Cook, testified that he had told Appellant that,
although there was no specific time to return the vehicle, he was to return the
vehicle “that evening when [he] finished selling.”  Cook testified that he waited at the business
location in case Appellant came in late, or called in because of mechanical
trouble.  Cook went to work the next
morning, and Appellant still had not returned and had not called.  Cook stated that Appellant had Cook’s cell
phone number and that Appellant had not called him.  Cook testified that Appellant did not have
permission to keep the vehicle overnight and that Appellant never called him to
report a problem and did not return the vehicle.

            The consent given to
Appellant to drive a vehicle owned by Global Foods was not open ended.  The clear rule was to return the vehicle to
the Global Foods site in Gregg County at the close of the day.  Global Foods allowed the drivers to use their
vehicles to sell Global Foods’ products, not for personal excursions.   Further, if there was mechanical trouble
preventing the return of the vehicle, a driver could call the office, or could
call Cook on his cell phone. Therefore, the consent Global Foods gave its
drivers ended in the evening, and the consent was limited to allowing the
drivers to pursue Global Foods’ business interests.  

            When Appellant deviated
from the parameters of Global Foods’ consent to use the vehicle to sell their
products, and chose to drive elsewhere for other purposes, he exceeded the
authority given to him to use the vehicle. 
Appellant recognized this when he told the police that he thought they
were there for him because he “didn’t bring the van back.”  

            With respect to
Appellant’s argument that the evidence did not show he operated the vehicle in
Smith County after the effective consent expired, we think it a reasonable
inference from the evidence that a person who checks into a hotel at 2:00 a.m.
drove the vehicle that he had previously been driving at or about the time he
checked into the hotel.  The hotel was in
Smith County, and the consent given to operate the vehicle had expired by 2:00
a.m. in the morning, so it was reasonable for the jury to conclude that
Appellant operated the vehicle in Smith County after his permission to do so
had expired.

            With respect to our
factual sufficiency review, there is some evidence that could contradict the
verdict.  That evidence  includes Cook’s later equivocation as to
exactly when Appellant was told of the rules requiring him to return the
vehicle, as well as Cook’s being unable to unequivocally state he was certain
he had forwarded the office’s calls to the main office when he left the night
Appellant failed to return the vehicle. 
However, the jury’s role is to weigh the evidence and resolve
inconsistencies of testimony.  There was
no evidence directly contradicting Cook’s testimony that the employees knew
when to return the vehicles, nor was there evidence contradicting the inference
that Appellant operated the vehicle in Smith County after his permission to do
so had expired.  The jury evidently
believed Cook’s  testimony that Appellant
knew to return the vehicle that night. 
Their resolution of these issues is reasonable and is not clearly wrong
or manifestly unjust.

            Considering the evidence
in light of the appropriate standards of review, we conclude the evidence is
both legally and factually sufficient to support Appellant’s conviction.  Appellant’s first and second issues are
overruled.

 

Ineffective Assistance
of Counsel

            In his third issue,
Appellant contends that his trial attorney’s performance fell below prevailing
professional norms and that his trial counsel’s ineffective assistance
contributed to his conviction.

Standard of Review








            The standard for testing
claims of ineffective assistance of counsel is set out in Strickland v.
Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and
adopted for Texas constitutional claims in Hernandez v. State,
726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986). 
To prevail on his claim of ineffective assistance, an appellant must
show that his attorney’s representation fell below the standard of prevailing
professional norms, and that there is a reasonable probability that, but for
the attorney’s deficient performance, the result of the trial would have been
different.  Tong v. State,
25 S.W.3d 707, 712 (Tex. Crim. App. 2000). 
A reasonable probability is a probability sufficient to undermine
confidence in the outcome.  Id.

            Our review of counsel’s
representation is highly deferential, and we indulge a strong presumption that
counsel’s conduct falls within a wide range of reasonable representation.
Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; Tong, 25
S.W.3d at 712.  We will not use hindsight
to second guess counsel’s trial strategy, nor will the fact that another attorney
might have pursued a different course support a finding of ineffectiveness.  Blott v. State, 588 S.W.2d 588, 592
(Tex. Crim. App. 1979); Harner v. State, 997 S.W.2d 695, 704
(Tex.App.–Texarkana 1999, no pet.). 
Finally, any allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness.  Thompson v. State,
9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

Discussion

            Appellant contends that
his trial counsel’s representation was ineffective because of “one flaw.”  Specifically, Appellant argues that it was
ineffective assistance of counsel for his attorney to ask the arresting officer
if Appellant had given a reason for not returning the vehicle.  As a result of that question, the trial court
permitted the State, under Rule of Evidence 806,[1] to introduce Appellant’s
prior convictions.[2]  However, other
than two short paragraphs complaining of trial counsel’s action, Appellant
provides no legal argument or case law supporting his position.  Therefore, the issue is waived.  See Tong, 25 S.W.3d at
710 (“In failing to provide any relevant authority . . .  we find the issue to be inadequately briefed.”);
Wyatt v. State, 23 S.W.3d 18, 23 n.5 (Tex. Crim. App. 2000); see
also Tex. R. App. P. 38.1(h).

            Even had Appellant not
waived this issue due to inadequate briefing, he would not prevail.  The Strickland standard of
reviewing trial counsel encompasses two relevant considerations.  First, we evaluate trial counsel’s performance
under a “totality of the representation” standard, rather than for an isolated
act or omission.  Second, appellate
review of trial counsel’s representation is highly deferential and presumes
that counsel’s actions fell within the wide range of reasonable and
professional assistance.  We will defer
to counsel’s decisions where there is the possibility that the conduct could
have been grounded in legitimate trial strategy.  See Strickland, 466 U.S. at
689, 104 S. Ct. at 2052; Chambers v. State, 903 S.W.2d 21, 32–33
(Tex. Crim. App. 1995)(“[A] a court must indulge a strong presumption that
counsel’s conduct falls within the wide range of reasonable professional
assistance; that is the defendant must overcome the presumption that, under the
circumstances, the challenged action ‘might be considered sound trial strategy.’”).


            In the present case,
Appellant’s trial attorney explained during trial that he asked the question
because the State had asked a similar question, which he believed had opened
the door for him to further inquire without allowing the State to respond under
Rule 806.  This was sound trial strategy
in the heat of a hard fought trial. 
Appellant has not sustained his burden to show that counsel’s actions
deviated from prevailing norms. 
Appellant’s third issue is overruled.

 

Admission of
Evidence

            In his fourth issue,
Appellant argues that the trial court erred when it admitted evidence of
illegal drugs and drug paraphernalia found in Appellant’s motel room during his
arrest because, he argues, the evidence was “not relevant.”  Appellant cites no case law in support of
this contention.  Therefore, the issue is
waived. See Tong, 25 S.W.3d at 710 (“In failing to provide
any relevant authority, . . . we find the issue to be inadequately briefed.”);
Wyatt, 23 S.W.3d at 23 n.5; see also Tex. R. App. P. 38.1(h).

            Even if the issue is not
waived, the trial court did not reversibly err. 
We review a trial court’s ruling on the admission of evidence for an
abuse of discretion.  See Montgomery
v. State, 810 S.W.2d 372, 386–87 (Tex. Crim. App. 1991) (op. on reh’g).
The evidence was seized by the arresting officers contemporaneously with
Appellant’s arrest during the initial contact with Appellant in his motel room,
in plain sight, or as a result of his arrest and subsequent search.  The trial court determined that the evidence
was relevant and that the probative value of the evidence outweighed its
prejudicial impact.  Tex. R. Evid 401, 403.  This ruling is not outside the zone of
reasonable disagreement.  See id.
at 391.  We overrule Appellant’s fourth
issue. 

 

Disposition

            Having overruled
Appellant’s four issues, we affirm the judgment of the trial
court.

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

Opinion delivered August 22, 2007.

Panel consisted of Worthen,
C.J., Griffith, J., Hoyle, J.

 

 

 

 

 

 

 

 

(DO
NOT PUBLISH)











[1] Rule 806. Attacking
and Supporting Credibility of Declarant

 

                When
a hearsay statement, or a statement defined in Rule 801(e)(2)(C), (D), or (E),
or in civil cases a statement defined in Rule 801(e)(3), has been admitted in
evidence, the credibility of the declarant may be attacked, and if attacked may
be supported by any evidence which would be admissible for those purposes if
declarant had testified as a witness. 
Evidence of a statement or conduct by the declarant at any time, offered
to impeach the declarant, is not subject to any requirement that the declarant
may have been afforded an opportunity to deny or explain.  If the party against whom a hearsay statement
has been admitted calls the declarant as a witness, the party is entitled to
examine the declarant on the statement as if under cross–examination.  Tex.
R. Evid. 806.





[2] Appellant’s counsel asked the officer if Appellant had said anything
about mechanical problems with the vehicle. 
This was a narrowing question based on an earlier question from the
State as to whether Appellant had offered an explanation for not returning the
vehicle.  The officer said that he did
not recall any statement.  Appellant’s
counsel then asked if such a statement may have been made.  The officer testified “I don’t know.  It could have happened.”  It was on this basis that the trial court
determined that a statement by Appellant had been admitted, and that his
criminal history became admissible to impeach his credibility.  Appellant does not argue that the trial court
ruling is in error.