

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00196-CR

_____


THOMAS FOSTER, JR., Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the County Court at Law # 2
Hunt County, Texas
Trial Court No. CR0900218


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Thomas Foster, Jr., was convicted in a bench trial of driving while intoxicated (DWI). Because this was his second offense, Foster's DWI was punishable as a class A misdemeanor, and he was sentenced to 200 days' confinement in county jail.[1] His sole ground of appeal challenges the legal and factual sufficiency of the evidence relating to his intoxication. Because we find the evidence sufficient, we affirm the trial court's judgment.

We will review the legal and factual sufficiency of the evidence supporting Foster's conviction under well-established standards. In conducting a legal sufficiency review, we consider the evidence in the light most favorable to the trial court's judgment to determine whether any rational trier of fact could have found the essential elements of DWI beyond a reasonable doubt. *Sanders v. State*, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003). We defer to the judge's responsibility "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). We are not required to determine whether we believe that the evidence at trial established guilt beyond a reasonable doubt; rather, when faced with conflicting evidence, we presume that the trial judge resolved any such conflict in favor of the prosecution, and we defer to that resolution. *State v. Turro*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).

---

[1]TEX. PENAL CODE ANN. § 49.09(a) (Vernon Supp. 2009).

In conducting a factual sufficiency review, we consider the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414–15 (Tex. Crim. App. 2006). The trial court's judgment will be set aside only if (1) it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust, or (2) it is against the great weight and preponderance of the evidence. *Id.* at 415 (citing *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)). Both legal and factual sufficiency are measured by the elements of the offense as defined by a hypothetically-correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *see also Grotti v. State*, 273 S.W.3d 273, 280 (Tex. Crim. App. 2008).

A person "commits an offense if the person is intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04(a) (Vernon 2003). Thus, the applicable hypothetically-correct charge would require proof of the following elements: that (1) Foster, (2) operated, (3) a motor vehicle, (4) in a public place, (5) while intoxicated. Foster only challenges the fifth element. The term "intoxicated" means, among other things, "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body. . . ." TEX. PENAL CODE ANN. § 49.01(2)(A) (Vernon 2003).

Officer William Yanish was the only witness who testified at the bench trial. Yanish stopped Foster for speeding and noticed "[t]he strong -- extreme severe odor of an alcoholic beverage" wafting from Foster's mouth. Foster admitted to ingesting between four or six

3

sixteen-ounce cans of Natural Light, and told Yanish he had just finished a beer prior to the stop. His speech was "[not] so much slurred. It's thick-tongued." Foster exhibited clues of intoxication during the administration of the "[w]alk-and-turn," one-legged stand, and several horizontal gaze nystagmus tests. During the walk-and-turn, Foster "couldn't maintain balance during instruction; he missed heal [sic] to toe; [F]oster stepped off the line; he used his arms for balance; made an improper turn; and took the wrong number of steps." While attempting the one-legged stand test, he "[s]wayed while balancing, used his arms for balance, he hopped, then he put his foot down." During the preliminary breath test, he told Yanish "this wasn't going to be good." Based on his observations, Yanish concluded Foster "had lost the normal use of his mental or physical faculties," and arrested him for DWI. Foster refused to take the breathalyzer test after transportation to the Intoxilyzer room. The video recording of the stop corroborates Yanish's testimony and depicts a stumbling, unbalanced Foster who had difficulty following directions.

Foster claims this evidence was insufficient to establish that he was intoxicated and complains he could not pass the one-legged stand test because he had an injured knee. He points to evidence demonstrating he recited the alphabet, passed the finger dexterity test, and had eaten at Taco Bell that day to suggest he was not intoxicated.

Our review of the evidence leads us to decide the trial court could have rationally found Foster did not have "the normal use of mental or physical faculties by reason of the introduction of alcohol." TEX. PENAL CODE ANN. § 49.01(2)(A). Even reviewing the evidence in a neutral light,

4

we cannot say the judgment was clearly wrong, manifestly unjust, or against the great weight and preponderance of the evidence.

We conclude the evidence of Foster's intoxication was both legally and factually sufficient. We affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:     May 26, 2010
Date Decided:       May 27, 2010

Do Not Publish