In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00196-CR

                                                ______________________________

 

 

                                     THOMAS FOSTER,
JR., Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the County Court at Law # 2

                                                              Hunt County, Texas

                                                        Trial Court
No. CR0900218

 

                                                             
                                     

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Thomas
Foster, Jr., was convicted in a bench trial of driving while intoxicated
(DWI).  Because this was his second
offense, Foster’s DWI was punishable as a class A misdemeanor, and he was
sentenced to 200 days’ confinement in county jail.[1]  His sole ground of appeal challenges the
legal and factual sufficiency of the evidence relating to his
intoxication.  Because we find the
evidence sufficient, we affirm the trial court’s judgment.  

            We
will review the legal and factual sufficiency of the evidence supporting Foster’s
conviction under well-established standards. 
In conducting a legal sufficiency review, we consider the evidence in
the light most favorable to the trial court’s judgment to determine whether any
rational trier of fact could have found the essential elements of DWI beyond a
reasonable doubt.  Sanders v. State, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003).  We defer to the judge’s responsibility “to
fairly resolve conflicts in testimony, to weigh the evidence, and to draw
reasonable inferences from basic facts to ultimate facts.”  Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson v. Virginia, 443 U.S. 307,
318–19 (1979)).  We are not required to
determine whether we believe that the evidence at trial established guilt
beyond a reasonable doubt; rather, when faced with conflicting evidence, we
presume that the trial judge resolved any such conflict in favor of the
prosecution, and we defer to that resolution. 
State v. Turro, 867 S.W.2d 43,
47 (Tex. Crim. App. 1993).  

            In
conducting a factual sufficiency review, we consider the evidence in a neutral
light.  Watson v. State, 204 S.W.3d 404, 414–15 (Tex. Crim. App.
2006).  The trial court’s judgment will
be set aside only if (1) it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and manifestly unjust, or (2) it is against the
great weight and preponderance of the evidence. 
Id. at 415 (citing Johnson v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000)).  Both legal and
factual sufficiency are measured by the elements of the offense as defined by a
hypothetically-correct jury charge.  Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997); see also Grotti
v. State, 273 S.W.3d 273, 280 (Tex. Crim. App. 2008).   

            A
person “commits an offense if the person is intoxicated while operating a motor
vehicle in a public place.”  Tex. Penal Code Ann. § 49.04(a) (Vernon
2003).  Thus, the applicable
hypothetically-correct charge would require proof of the following elements:  that (1) Foster, (2) operated, (3) a
motor vehicle, (4) in a public place, (5) while intoxicated.  Foster only challenges the fifth element.  The term “intoxicated” means, among other
things, “not having the normal use of mental or physical faculties by reason of
the introduction of alcohol, a controlled substance, a drug, a dangerous drug,
a combination of two or more of those substances, or any other substance into
the body. . . .”  Tex. Penal Code Ann. § 49.01(2)(A) (Vernon 2003). 

            Officer William
Yanish was the only witness who testified at the bench trial.  Yanish stopped Foster for speeding and
noticed “[t]he strong -- extreme severe odor of an alcoholic beverage” wafting
from Foster’s mouth.  Foster admitted to
ingesting between four or six sixteen-ounce cans of Natural Light, and told
Yanish he had just finished a beer prior to the stop.  His speech was “[not] so much slurred. It’s
thick-tongued.”  Foster exhibited clues
of intoxication during the administration of the “[w]alk-and-turn,” one-legged
stand, and several horizontal gaze nystagmus tests.  During the walk-and-turn, Foster “couldn’t
maintain balance during instruction; he missed heal [sic] to toe; [F]oster
stepped off the line; he used his arms for balance; made an improper turn; and
took the wrong number of steps.”  While
attempting the one-legged stand test, he “[s]wayed while balancing, used his
arms for balance, he hopped, then he put his foot down.”  During the preliminary breath test, he told
Yanish “this wasn’t going to be good.” 
Based on his observations, Yanish concluded Foster “had lost the normal
use of his mental or physical faculties,” and arrested him for DWI.  Foster refused to take the breathalyzer test
after transportation to the Intoxilyzer room. 
The video recording of the stop corroborates Yanish’s testimony and
depicts a stumbling, unbalanced Foster who had difficulty following
directions.  

            Foster
claims this evidence was insufficient to establish that he was intoxicated and
complains he could not pass the one-legged stand test because he had an injured
knee.  He points to evidence
demonstrating he recited the alphabet, passed the finger dexterity test, and
had eaten at Taco Bell that day to suggest he was not intoxicated. 

            Our
review of the evidence leads us to decide the trial court could have rationally
found Foster did not have “the normal use of mental or physical faculties by
reason of the introduction of alcohol.”  Tex. Penal Code Ann. §
49.01(2)(A).  Even reviewing the evidence
in a neutral light, we cannot say the judgment was clearly wrong, manifestly
unjust, or against the great weight and preponderance of the evidence.  

            We
conclude the evidence of Foster’s intoxication was both legally and factually
sufficient.  We affirm the trial court’s
judgment. 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          May
26, 2010

Date Decided:             May
27, 2010

 

Do Not Publish











[1]Tex. Penal Code Ann. § 49.09(a) (Vernon Supp.
2009).