In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00215-CR

                                                ______________________________

 

 

                                   CAROL MARIE PASELK,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                            On Appeal from the County Court at Law

                                                           Hopkins County, Texas

                                                        Trial Court
No. CR0926724

 

                                                              
                                    

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            Carol Marie Paselk
appeals from her conviction by a jury for cruelty to Lacy, a female bay horse.[1]  She was sentenced to 275 days’ confinement in
the Hopkins County Jail and a fine of $250.00. 
Paselk
has filed a single brief, in which she raises issues common to all of her
appeals.  She argues that the trial court
committed reversible error in admitting unreasonably seized evidence, her
counsel was ineffective, and suggests that the evidence was legally and
factually insufficient to support her conviction.

             We will review the legal and factual
sufficiency of the evidence supporting Paselk’s conviction under
well-established standards.  In
conducting a legal sufficiency review, we consider the evidence in the light
most favorable to the verdict to determine whether any rational jury could have
found the essential elements of cruelty to a female horse beyond a reasonable
doubt.  Sanders v. State, 119
S.W.3d 818, 820 (Tex. Crim. App. 2003). 
We defer to the jury’s responsibility “to fairly resolve conflicts in
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.”  Hooper v.
State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson v.
Virginia, 443 U.S. 307, 318–19 (1979)). 
We are not required to determine whether we believe that the evidence at
trial established guilt beyond a reasonable doubt; rather, when faced with
conflicting evidence, we presume that the jury resolved any such conflict in
favor of the prosecution, and we defer to that resolution.  State v. Turro, 867 S.W.2d 43, 47
(Tex. Crim. App. 1993).  

            In
conducting a factual sufficiency review, we consider the evidence in a neutral
light.  Watson v. State, 204
S.W.3d 404, 414–15 (Tex. Crim. App. 2006). 
The verdict will be set aside only if (1) it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and manifestly unjust,
or (2) it is against the great weight and preponderance of the evidence.  Id. at 415 (citing Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000)). 
Both legal and factual sufficiency are measured by the elements of the
offense as defined by a hypothetically correct jury charge.  Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997); see also Grotti v. State, 273 S.W.3d 273, 280
(Tex. Crim. App. 2008).   

            Under a hypothetically
correct charge in this case, the jury was required to find, beyond a reasonable
doubt, that Paselk intentionally or knowingly failed to provide necessary food,
water, or care for the female horse while it was in her custody.  Tex.
Penal Code Ann. §
42.09 (Vernon Supp. 2009).  

            The entirety of facts
relating to this case are recited within our opinion in cause number
06-09-00214-CR.  With respect to Lacy,
testimony at trial showed that the twenty-year-old mare bay horse was located
in a small enclosed area.  Record
exhibits clearly depicted the chronic stage of her starvation.  Lacy’s “feet were in terrible condition.  She couldn’t walk.  She had what is called founder
where—laminitis where the inside bone of the hooves are in a condition where
she is in a great deal of pain to walk. 
She can’t walk because of not being cared for properly.”  It was undisputed that Lacy was in Paselk’s
care.  Veterinarian Clifton Bradshaw
confirmed that Lacy was emaciated, had no fat covering, and was infected with
intestinal parasites.  Lack of dental
care created “lacerations to the cheek and to the tongue and . . . [made]
eating painful.”  After conducting laboratory
work on blood samples, Bradshaw ruled out the possibility of “underlying health
problems creating the poor body condition.” 


            We conclude that a
rational jury could find beyond a reasonable doubt that Paselk intentionally or
knowingly failed to provide necessary food, water, medical, and/or dental care
for Lacy while she was in Paselk’s custody. 
Tex. Penal Code Ann. §
42.09.  

            Paselk testified on
her own behalf and surmised that Lacy became sick due to toxic dairy runoff
from a neighboring property.  Because Paselk
could not obtain employment, and could not sell the property due to
environmental issues, she was placed in the difficult situation of having to
take care of Lacy without income.  Paselk
admitted that she could not feed her horses “optimally,” but justified her
actions by telling the jury she received rescue aid and attempted to organize
fundraisers.  Paselk claimed that her
stalls flooded with water and that because she did not want her horses to stand
in water or mud, she allowed manure to build up in the stalls to reduce the
water flow.  Even considering this
evidence in a neutral light, we cannot say that the jury’s verdict was clearly
wrong, manifestly unjust, or against the great weight and preponderance of the
evidence.  

            We addressed
the remaining issues in detail in our opinion of this date on Paselk’s
appeal in cause number 06-09-00214-CR. 
For the reasons stated therein, we likewise conclude that error has not
been shown in this case.

            

 

 

            We affirm
the trial court’s judgment.

 

            

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          August
4, 2010

Date Decided:             August
5, 2010

 

Do Not Publish           

 

 











[1]Fifty-eight
horses were seized from Paselk’s property.