

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00215-CR

_____

CAROL MARIE PASELK, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Hopkins County, Texas
Trial Court No. CR0926724

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Carol Marie Paselk appeals from her conviction by a jury for cruelty to Lacy, a female bay horse.[1] She was sentenced to 275 days' confinement in the Hopkins County Jail and a fine of $250.00. Paselk has filed a single brief, in which she raises issues common to all of her appeals. She argues that the trial court committed reversible error in admitting unreasonably seized evidence, her counsel was ineffective, and suggests that the evidence was legally and factually insufficient to support her conviction.

We will review the legal and factual sufficiency of the evidence supporting Paselk's conviction under well-established standards. In conducting a legal sufficiency review, we consider the evidence in the light most favorable to the verdict to determine whether any rational jury could have found the essential elements of cruelty to a female horse beyond a reasonable doubt. *Sanders v. State*, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003). We defer to the jury's responsibility "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). We are not required to determine whether we believe that the evidence at trial established guilt beyond a reasonable doubt; rather, when faced with conflicting evidence, we presume that the jury resolved any such conflict in favor of the prosecution, and we defer to that resolution. *State v. Turro*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).

---

[1]Fifty-eight horses were seized from Paselk's property.

In conducting a factual sufficiency review, we consider the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414–15 (Tex. Crim. App. 2006). The verdict will be set aside only if (1) it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust, or (2) it is against the great weight and preponderance of the evidence. *Id.* at 415 (citing *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)). Both legal and factual sufficiency are measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *see also Grotti v. State*, 273 S.W.3d 273, 280 (Tex. Crim. App. 2008).

Under a hypothetically correct charge in this case, the jury was required to find, beyond a reasonable doubt, that Paselk intentionally or knowingly failed to provide necessary food, water, or care for the female horse while it was in her custody. TEX. PENAL CODE ANN. § 42.09 (Vernon Supp. 2009).

The entirety of facts relating to this case are recited within our opinion in cause number 06-09-00214-CR. With respect to Lacy, testimony at trial showed that the twenty-year-old mare bay horse was located in a small enclosed area. Record exhibits clearly depicted the chronic stage of her starvation. Lacy's "feet were in terrible condition. She couldn't walk. She had what is called founder where—laminitis where the inside bone of the hooves are in a condition where she is in a great deal of pain to walk. She can't walk because of not being cared for properly." It was undisputed that Lacy was in Paselk's care. Veterinarian Clifton Bradshaw confirmed that Lacy

3

was emaciated, had no fat covering, and was infected with intestinal parasites. Lack of dental care created "lacerations to the cheek and to the tongue and . . . [made] eating painful." After conducting laboratory work on blood samples, Bradshaw ruled out the possibility of "underlying health problems creating the poor body condition."

We conclude that a rational jury could find beyond a reasonable doubt that Paselk intentionally or knowingly failed to provide necessary food, water, medical, and/or dental care for Lacy while she was in Paselk's custody. TEX. PENAL CODE ANN. § 42.09.

Paselk testified on her own behalf and surmised that Lacy became sick due to toxic dairy runoff from a neighboring property. Because Paselk could not obtain employment, and could not sell the property due to environmental issues, she was placed in the difficult situation of having to take care of Lacy without income. Paselk admitted that she could not feed her horses "optimally," but justified her actions by telling the jury she received rescue aid and attempted to organize fundraisers. Paselk claimed that her stalls flooded with water and that because she did not want her horses to stand in water or mud, she allowed manure to build up in the stalls to reduce the water flow. Even considering this evidence in a neutral light, we cannot say that the jury's verdict was clearly wrong, manifestly unjust, or against the great weight and preponderance of the evidence.

We addressed the remaining issues in detail in our opinion of this date on Paselk's appeal in cause number 06-09-00214-CR. For the reasons stated therein, we likewise conclude that error has not been shown in this case.

4

We affirm the trial court's judgment.


Jack Carter
Justice

Date Submitted:     August 4, 2010
Date Decided:       August 5, 2010

Do Not Publish