**Opinion filed May 6, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00188-CR

_____

## JAMES BRYANT, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 441st District Court**
**Midland County, Texas**
**Trial Court Cause No. CR42580**

## M E M O R A N D U M   O P I N I O N

The jury found Appellant, James Bryant, guilty of the second-degree felony offense of aggravated assault with a deadly weapon.[1] Upon Appellant's plea of "true" to an enhancement allegation, the jury assessed Appellant's punishment at confinement for fifteen years and imposed a fine of $7,500. The trial court sentenced him accordingly. Appellant asserts two issues on appeal: a challenge to the sufficiency of the evidence and a due process challenge. We affirm.

---

[1]TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011).

## I. *The Charged Offense*

The grand jury indicted Appellant for aggravated assault with a deadly weapon. *See* PENAL § 22.02(a)(2). As relevant to this case, a person commits an assault if he intentionally, knowingly, or recklessly causes bodily injury to another. *Id.* § 22.01(a)(1) (West Supp. 2015). The offense is elevated to an aggravated assault if the person uses or exhibits a deadly weapon during the commission of the assault. *Id.* § 22.02(a)(2).

## II. *Evidence at Trial*

In October 2013, Appellant and his wife, Valencia Griffin, began to argue on their drive home from dinner. The argument continued even after the couple made it home. In their bedroom, Appellant slapped Griffin, yelled at her, and threw a heavy object at her. The dispute culminated when Appellant picked up a glass vase and broke it over Griffin's head. The vase shattered, and shards of glass cut the back of her head.

Griffin fled to the Midland Police Department, where Chad Dwayne Simpson, a sergeant with the department, took photographs of Griffin's injuries. He said that the back of Griffin's head was "covered in blood." Sergeant Simpson and other officers went to Griffin's residence. By that time, the covers had been removed from the bed, and only a few shards of the vase remained on the floor. At trial, the State introduced photos of the remaining shards and a photo of a glass vase that was identical to the one that Appellant broke over Griffin's head.

Appellant testified on his own behalf and denied that he had assaulted his wife with a deadly weapon. He admitted that things "got a little bit out of hand" and that he hit her on the head with the glass vase.

## III. *Standard of Review*

We review the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). *Brooks v. State*, 323 S.W.3d

893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). The trier of fact is the sole judge of the weight and credibility of the evidence; we may not reevaluate the weight and credibility of the evidence and substitute our own judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). We presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. The jury is free to draw reasonable inferences from basic facts to ultimate facts. *Sanders v. State*, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003).

## IV. *Discussion and Analysis*

Appellant challenges the sufficiency of the evidence to establish that the glass vase was a deadly weapon and contends that the State failed to meet its burden that the glass vase was, in the manner of its use, capable of causing death or serious bodily injury. The Penal Code defines a deadly weapon as "a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury" or "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." PENAL § 1.07(a)(17). "Serious bodily injury" is defined in part as "bodily injury that creates a substantial risk of death or that causes death." *Id.* § 1.07(a)(46).

Expert or lay testimony may be sufficient to support a deadly weapon finding. *See Tucker v. State*, 274 S.W.3d 688, 691–92 (Tex. Crim. App. 2008); *English v. State*, 647 S.W.2d 667, 669 (Tex. Crim. App. 1983). Sergeant Simpson went to the house on the night in question and, at trial, identified a photo of the identical glass

vase. He testified that, based on his training and experience, the glass vase could be used as a deadly weapon. Appellant testified on his own behalf and denied that he assaulted Griffin with a deadly weapon. He said that things "got a little bit out of hand" and that he hit Griffin with the glass vase. He also said that he regretted his actions and that he had not intended to hurt Griffin. The jury, as the trier of fact, was the sole judge of the credibility of the witnesses and of the weight to be given their testimony. *See* TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007), art. 38.04 (West 1979). Viewing the evidence in the light most favorable to the verdict, we hold that a reasonable factfinder could have found that, in the manner of its use, the glass vase that Appellant broke over Griffin's head was capable of causing death or serious bodily injury. *See* PENAL § 1.07(a)(17), (46); *Tucker*, 274 S.W.3d at 691–92; *see also Jackson*, 443 U.S. at 319; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We overrule Appellant's first issue.

Appellant also asserts that his due process rights were violated when he was convicted on "no evidence." Because we have held that there was sufficient evidence for a rational jury to have found beyond a reasonable doubt that Appellant committed aggravated assault with a deadly weapon, we overrule Appellant's second issue. *See Alvarado v. State*, 912 S.W.2d 199, 206–08 (Tex. Crim. App. 1995); *see also Jackson*, 443 U.S. at 319.

V. *This Court's Ruling*

We affirm the judgment of the trial court.


May 6, 2016                                          MIKE WILLSON

Do not publish. *See* TEX. R. APP. P. 47.2(b).          JUSTICE

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

4