**Opinion filed July 14, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00236-CR

_____

## BENJAMIN ESCOVEDO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 91st District Court**
**Eastland County, Texas**
**Trial Court Cause No. 23909**

## M E M O R A N D U M   O P I N I O N

The jury found Benjamin Escovedo, Appellant, guilty of the second-degree felony offense of possession of more than four grams but less than two hundred grams of methamphetamine.[1]  The State alleged two prior felony convictions to enhance the punishment.[2]  Appellant pleaded "true" to the enhancement allegations,

---

[1]TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d) (West 2010).

[2]TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2015).

and the jury found the enhancement allegations to be "true." The jury then assessed Appellant's punishment at confinement for fifty-seven years; the trial court sentenced him accordingly. In one issue, Appellant challenges the sufficiency of the evidence to support his conviction. We affirm.

## I. *The Charged Offense*

The grand jury indicted Appellant for possession of more than four grams but less than two hundred grams of methamphetamine, enhanced by two prior felony convictions. A person commits an offense if he knowingly or intentionally possesses methamphetamine. HEALTH & SAFETY §§ 481.102(6), 481.115(a). The offense is a second-degree felony if the offender possessed more than four grams but less than two hundred grams of the controlled substance. *Id.* § 481.115(d). The punishment range for a second-degree felony enhanced with two prior felony convictions is confinement for not less than twenty-five years but not more than ninety-nine years, or life. PENAL § 12.42(d).

## II. *Evidence at Trial*

Michael West and Jose Astello, both of whom are troopers with the Texas Department of Public Safety, were on patrol in Cisco when they saw Appellant standing outside a residence in front of a car. As they backed up to speak to Appellant, Trooper West saw Appellant throw something under the nearby porch. The troopers stopped and asked Appellant what he had thrown under the porch, but Appellant gave them an evasive answer. The troopers left but returned shortly thereafter to search under the porch.[3] There, Trooper West found a cigarette box containing three baggies of a "white crystal substance." Trooper West field-tested and weighed the substance and found that it was methamphetamine and that it weighed approximately 9.5 grams, including the baggies.

---

[3]The tenant gave Trooper West permission to search under the porch. The validity of the search is not at issue here.

Ashley Renee Zelinski, a forensic scientist with the Texas Department of Public Safety Crime Laboratory in Abilene, testified at trial that she analyzed the contents of the baggies and determined that the baggies contained methamphetamine. Zelinski then testified that she weighed the methamphetamine. However, when asked *how* she weighed it, she testified only as to how she *typically* weighed something in a "little bag." Zelinski did not testify as to the actual weight of the recovered methamphetamine. However, the State introduced her lab report as State's Exhibit No. E-1, which was admitted without objection. According to the information contained in the lab report, one of the baggies contained "6.56 grams (+/- 0.03 grams)" of methamphetamine.

### III. *Standard of Review*

We review the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia. See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). The trier of fact is the sole judge of the weight and credibility of the evidence; we may not reevaluate the weight and credibility of the evidence so as to substitute our own judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). We presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. The jury is free to draw reasonable inferences from basic facts to ultimate facts. *Sanders v. State*, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003).

## IV. *Analysis*

Appellant contends that the evidence is insufficient to establish that he possessed more than four grams of methamphetamine. Appellant argues that "Zelinski did not . . . testify to how she specifically weighed *this* submission" and asserts that, without Zelinski's testimony, the jury was left to impermissibly speculate as to the weight of the methamphetamine. Even if we assume, without holding, that Appellant is correct about the absence of Zelinski's testimony as to the weight of the methamphetamine, there was, nonetheless, sufficient evidence in the record from which the jury could have found beyond a reasonable doubt that Appellant possessed more than four grams of methamphetamine.

Trooper West tested and weighed the substance when he seized it. He determined that the substance field-tested positive for methamphetamine and that it weighed approximately 9.5 grams in the baggies. In addition, the State introduced Zelinski's lab report without objection from defense counsel, and the report contained information to show that one of the baggies contained "6.56 grams (+/- 0.03 grams)" of methamphetamine.

The jury, as the trier of fact, was the sole judge of the credibility of the witnesses and of the weight to be given their testimony. *See* TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007), art. 38.04 (West 1979); *see also Taylor v. State*, 19 S.W.3d 858, 862 (Tex. App.—Eastland 2000, pet. ref'd). As such, the jury was free to accept or reject any or all of the testimony of any witness and was free to draw reasonable inferences from the evidence presented. *See Jackson*, 443 U.S. at 319; *Sanders*, 119 S.W.3d at 820. We have reviewed the evidence in the light most favorable to the verdict, and we hold that a rational trier of fact could have found beyond a reasonable doubt that Appellant possessed more than four grams of

methamphetamine.  *See Jackson*, 443 U.S. at 319; *Isassi*, 330 S.W.3d at 638.  We overrule Appellant's sole issue on appeal.

V. *This Court's Ruling*

We affirm the judgment of the trial court.

MIKE WILLSON

JUSTICE

July 14, 2016

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Countiss.[4]

Bailey, J., not participating.

---

[4]Richard N. Countiss, Retired Justice, Court of Appeals, 7th District of Texas at Amarillo, sitting by assignment.